575 So.2d 466 (1991)
Harold Lee STUTES, Plaintiff-Appellee,
v.
ROSSCLAIRE CONSTRUCTION, INC., Defendant-Appellant.
No. 89-876.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
*467 Simon & Woodruff, Paula K. Woodruff, Lafayette, for plaintiff-appellee.
Daniel M. Landry, Lafayette, for defendant-appellant.
Before FORET, KNOLL and KING, JJ.
KING, Judge.
This appeal presents for consideration the issues of whether plaintiff was correctly found to be an employee of defendant; whether defendant acted unreasonably and arbitrarily in failing to pay wages due plaintiff; whether the trial court erred in failing to allow the introduction of correspondence into evidence; and, whether attorney's fees were correctly awarded to plaintiff.
Harold Lee Stutes (hereinafter plaintiff) brought suit against his former employer, Rossclaire Construction, Inc. (hereinafter defendant), for past wages due in the sum of $975.00, and for penalty wages and attorney's fees as provided by La.R.S. 23:632. An answer was filed on behalf of defendant denying plaintiff's claim that he was an employee of defendant and alleging as an affirmative defense that plaintiff's demands had been extinguished by an offset. A trial was held and the matter was taken under advisement. The trial court rendered written reasons for judgment and rendered judgment in favor of plaintiff for $975.00 for wages due, $10,800.00 for penalty wages, and attorney's fees in the sum of $1,500.00.
A formal written judgment was signed. Defendant timely appealed. Plaintiff answered the appeal seeking an increase in attorney's fees for the defense of the appeal. We affirm and increase attorney's fees for services rendered by plaintiff's attorney on appeal.

FACTS
Plaintiff worked for defendant as a carpenter and was paid wages on an hourly basis. On or about November 9, 1989, plaintiff resigned from his employment with defendant. Plaintiff made written demand for past due wages in the amount of *468 $975.00 to Richard G. Fontenot (hereinafter Fontenot) for work, which had been performed for defendant between October 23, 1987 and November 4, 1987, totaling 65 hours at the rate of $15.00 an hour. Defendant did not pay plaintiff.
In a letter dated November 12, 1987, plaintiff made written demand on defendant for payment of the past due wages. On November 16, 1987, defendant, through Fontenot, answered plaintiff's letter admitting that defendant did owe plaintiff $975.00 in past due wages, but claiming that defendant was entitled to offset this amount by the amount of worker's compensation insurance premiums paid on behalf of plaintiff by defendant.
On January 28, 1988, defendant sent a letter to plaintiff requesting the return of certain tools and other property in plaintiff's possession that belonged to defendant. Defendant's tools and property were returned to Fontenot on April 6, 1988. Plaintiff then made a written demand on defendant on April 15, 1988, requesting that defendant pay plaintiff the past due wages. Payment was refused by defendant.
On May 5, 1988, plaintiff filed suit against defendant for past due wages in the sum of $975.00, and for penalty wages and attorney's fees as provided by La.R.S. 23:632. Defendant filed an answer on July 1, 1988, denying plaintiff's claim that he was an employee of defendant and alleging the affirmative defense that plaintiff's demand for past due wages had been extinguished by an offset.
A trial on the merits was held on March 8, 1989 and the matter was taken under advisement. On April 10, 1989, the trial judge handed down written reasons for judgment and rendered judgment in favor of plaintiff. The trial judge found that plaintiff was an employee of defendant and, therefore, that defendant was unable to offset any amount against plaintiff for defendant's payment of worker's compensation insurance premiums on behalf of plaintiff. The trial court further determined that defendant acted unreasonably and arbitrarily in failing to pay past due wages owed to plaintiff, and that there was no good faith dispute as to plaintiff's status. The trial court awarded judgment in favor of plaintiff and against defendant for $975.00 for past due wages, $10,800.00 for penalty wages, and attorney's fees in the amount of $1,500.00, as provided by La. R.S. 23:632. A formal written judgment was signed on May 5, 1989.
Defendant timely appeals asserting the following assignments of error:
(1) The trial court erred in finding that plaintiff was an employee of defendant rather than an independent contractor;
(2) The trial court erred in finding that defendant acted unreasonably and arbitrarily in failing to pay wages due plaintiff and erred in finding that there was no good faith dispute concerning the status of plaintiff's relationship with defendant;
(3) The trial court erred in failing to allow the introduction into evidence of certain correspondence on behalf of defendant; and
(4) The trial court erred in awarding attorney's fees to plaintiff in the amount of $1,500.00.
Plaintiff answered the appeal seeking an increase in attorney's fees for defense of the appeal.

LAW
Defendant first contends that the trial court erred in finding that plaintiff was an employee of defendant. Defendant claims that plaintiff was not an employee, but rather an independent contractor.
La.R.S. 23:1021(6) defines an independent contractor as follows:
"`Independent contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying *469 out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
The law with regard to an independent contractor is set out in Hickman v. Southern Pacific Transport Company, 262 So.2d 385 (La.1972), in which the Louisiana Supreme Court stated:
"It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor's business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955)." Hickman v. Southern Pacific Transport Company, 262 So.2d 385, at pages 390, 391 (La.1972).
See also, Weems v. Hickman, 524 So.2d 792, 795 (La.App. 3 Cir. 1988).
In the present case, the trial court found that plaintiff was hired to work for defendant and that plaintiff had been paid on an hourly basis; that plaintiff was the primary carpenter for defendant and was vital to defendant's business. The trial court further found that plaintiff worked on a continuing and exclusive basis for defendant, that plaintiff reported to defendant's jobsites designated by Fontenot, and that Fontenot supervised plaintiff's work and had the right to dictate the methods by which plaintiff would achieve the results on the defendant's jobsites.
The trial court further determined that even though plaintiff could hire and obtain the help of assistants, each assistant was subject to Fontenot's approval and control and was paid by defendant. All materials used by plaintiff were furnished by defendant and the tools were furnished by both plaintiff and defendant. Furthermore, Fontenot testified that both plaintiff and defendant had the right to terminate their business relationship without resulting liability for breach of contract. The trial court concluded that the only evidence of an independent contractor status by plaintiff was the fact that defendant termed plaintiff as such on his payroll and did not withhold income taxes from plaintiff's pay check or pay FICA or unemployment taxes for plaintiff.
The trial court found that defendant used this payroll arrangement as a subterfuge to bypass its legal responsibilities because "it is obvious that the relationship was one of employer/employee." Furthermore, this type of payroll arrangement would not, standing alone defeat employee status. See, Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La.App. 1 Cir.1989), writ den., 553 So.2d 466 (La.1989); Fuller v. U.S. Aircraft Ins. Group, 530 So.2d 1282 (La.App. 2 Cir.1988), writ den., 534 So.2d 444 (La.1988), U.S. cert. den., 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989); Suhor v. Medina, 421 So.2d 271 (La.App. 4 Cir.1982).
After a thorough review of the evidence in the record we do not find that the trial court was manifestly in error or clearly wrong in finding that plaintiff was an employee of defendant. Thus, we find no merit in defendant's first assignment of error.
The second assignment of error urged by defendant is that the trial court erred in finding that defendant acted unreasonably and arbitrarily in failing to pay past due wages owed to plaintiff and erred in finding that there was no good faith dispute *470 concerning the status of plaintiff's relationship with defendant.
Defendant contends that two grounds existed for a good faith dispute concerning the payment of wages due plaintiff. Defendant first claims that it had a right to offset any amount owed plaintiff because plaintiff owed defendant for premiums paid by defendant for worker's compensation insurance on behalf of plaintiff since plaintiff, as an independent contractor, did not provide the insurance for himself the last year of his employment with defendant.
Because we find plaintiff to be an employee of defendant, we find that La.R.S. 23:1163 is controlling.
La.R.S. 23:1163 provides:
"It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this State to engage in the liability insurance business.
Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both."
The defendant's first claim that there was a good faith dispute because of defendant's right to offset the amount paid for insurance premiums is without merit because, under the provisions of La.R.S. 23:1163, it is unlawful for an employer to collect from its employees any amount for the purpose of paying premiums on any liability or compensation insurance on behalf of an employee.
Defendant's second claim for the existence of a good faith dispute is that plaintiff improperly retained and refused to return property of defendant.
We find that defendant's second claim that a good faith dispute existed because of plaintiff's failure to return defendant's property also lacks merit. Plaintiff admitted that he was in possession of certain property of defendant at the time he quit working for defendant. However, plaintiff returned the property to defendant, after defendant wrote a letter requesting its return, on April 6, 1988. Plaintiff then made a written demand on defendant on April 15, 1988 for payment of past due wages. Any equitable defense that could have been asserted by defendant at that time was extinguished, since plaintiff had returned defendant's property prior to making a written demand for past due wages.
We agree with the trial court's finding that defendant acted unreasonably and arbitrarily in failing to pay past due wages owed to plaintiff and in finding there was no good faith dispute between the parties. We find that defendant's second assignment of error lacks merit and find no manifest error in the trial court judgment ordering payment of plaintiff's past due wages, penalty wages, and attorney's fees as provided by La.R.S. 23:631 and 23:632.
The defendant argues in his third assignment of error that the trial court erred in not allowing the introduction into evidence of certain correspondence on behalf of defendant. Defendant argues that the trial court erred in not allowing plaintiff's demand letter, dated April 15, 1988, into evidence as it would corroborate the fact that defendant's failure to pay plaintiff's past due wages was not arbitrary and capricious because the letter showed plaintiff *471 had been wrongfully retaining and refusing to return defendant's property. A proffer of this evidence was made for the appellate record. The letter, dated April 15, 1988, was the second demand letter from plaintiff requesting that defendant pay plaintiff his past due wages.
We find that the trial judge erred in not permitting this letter to be received in evidence. It was direct evidence bearing on the dispute between the parties and, in fact, was attached to and made a part of plaintiff's petition. However, we find the denial of the receipt of the letter into evidence to be harmless error. After reviewing the letter, dated April 15, 1988, we do not find that it corroborates defendant's claim that there was a bona fide dispute. Moreover, this letter corroborates plaintiff's claim that defendant withheld payment of past due wages even after plaintiff had returned defendant's property and after the letter was sent. Therefore, we do not find any merit in defendant's third assignment of error.
In defendant's final assignment of error, he argues that the trial court erred in awarding attorney's fees to plaintiff in the amount of $1,500.00. Defendant contends that there is no evidence or testimony in the record to substantiate the awarding of attorney's fees to plaintiff.
Evidence of the value of an attorney's services to support an award of attorney's fees is not necessary where the services are rendered under the supervision of the court. Guillory v. Jim Tatman's Mobile Homes, Inc., 490 So.2d 1185 (La.App. 3 Cir.1986). Furthermore, La.R.S. 23:632 provides that reasonable attorney's fees shall be allowed to the employee by the court in the event a well-founded suit for any unpaid wages is filed by the employee. Therefore, we do not find the trial court's award of $1,500.00 in attorney's fees to plaintiff to be unreasonable and do not find that the trial court erred in awarding this amount to plaintiff.
In addition, plaintiff has answered the appeal and requested an increase in the award of his attorney's fees as a result of defending the present appeal. Plaintiff answered defendant's appeal and alleged that additional attorney's fees would be incurred in the defense of this appeal. An increase in attorney's fees should be awarded where a party who was awarded attorney's fees by the trial court is forced to and successfully defends an appeal. Century 21 Gateway Realty v. Pard, Inc., 490 So.2d 753 (La.App. 3 Cir.1986); Mamou Farm Services v. Hudson Ins. Co., 488 So.2d 259 (La.App. 3 Cir.1986). Thus, because plaintiff has successfully defended the appeal of defendant, we award plaintiff an additional $1,500.00 in attorney's fees for services rendered in connection with the appeal.
For the foregoing reasons, the judgment of the trial court is amended to increase the attorney's fees awarded to plaintiff by the sum of $1,500.00 and, as amended, is affirmed. All costs of this appeal are taxed to defendant-appellant.
AMENDED, AND, AS AMENDED, AFFIRMED.