591 So.2d 1334 (1991)
Lee H. HUGHES
v.
COOTER BROWN'S TAVERN, INC.
No. 91-CA-0580.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
Rehearing Denied February 12, 1992.
Writ Denied March 26, 1992.
*1335 Jeffery P. Lozes, Lozes & Cambre, New Orleans, for plaintiff-appellee Lee H. Hughes.
Charles W. Nelson, Jr., Donald M. Pierce, Pierce & Bizal, New Orleans, for defendant-appellant Cooter Brown's Inc.
*1336 Before KLEES, and WARD, JJ. and GULOTTA, J. Pro Tem.
KLEES, Judge.
Plaintiff sued his former employer, Cooter Brown's Tavern, Inc., for unpaid wages as well as for statutory penalties and attorney fees allegedly due. This is an appeal by defendant, Cooter Brown's Tavern, Inc., from the judgment of the trial court upholding the findings of the Commissioner in favor of plaintiff. After reviewing the facts and applicable law, we amend and affirm as amended.
Plaintiff, Lee H. Hughes, was hired as manager of Cooter Browns Tavern, Inc. in 1984. Plaintiff's employment was terminated on March 10, 1987. Plaintiff brought suit against defendant, Cooter Brown's Tavern, Inc., seeking past due wages for the periods of March 1-7, 1987 and March 8-10, 1987, for defendant's failure to pay one week's earned vacation pay, and for penalty wages and attorney fees allegedly due under the provisions of L.S.A.-R.S. 23:631 and 23:632. The trial court rendered judgment adopting the Commissioner's findings in favor of plaintiff in the amount of $330 in unpaid wages, $770 in vacation pay, $9900 in penalty wages, and $2000 in attorney fees.
On appeal, defendant argues as error that:
(1) the trial court erred in finding that the undisputed wages for the work period ending March 7, 1987 were not timely available to plaintiff;
(2) the trial court erred in awarding penalty wages and attorney fees pursuant to LSA-R.S. 23:632 for defendant's failure to pay earned wages timely;
(3) the trial court erred in finding that plaintiff was entitled to wages for March 8-10, 1987 and for one week's pay in lieu of vacation;
Defendant first argues that the trial court erred in finding that wages for the period of March 7 were not timely available to plaintiff as required by statute, thereby entitling plaintiff to penalty wages. On the issue of penalty wages, LSA-R.S. 23:631 and 23:632 provide in pertinent part:
§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee or laborer's current address as shown in the employer's records. In the event that payment is made by mail the employer shall be deemed to have made such payment when it is mailed ...
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
§ 632. Liability of employer for failure to pay; attorney fees.
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

*1337 Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
LSA-R.S. 23:632 is a penal statute and therefore must be strictly construed. Mondy v. Robin Towing Corp., 441 So.2d 361, (La.App. 5th Cir.1982). To recover statutory penalties for an employer's failure to pay wages owed to an employee following resignation or discharge, the employee must prove the wages were due and owing, that demand for payment was made at the place where he was usually paid, and that the employer failed to pay following demand. Thomas v. DeJohn's Plumbing & Heating Co., Inc., 380 So.2d 161 (La.App. 1st Cir.1979).
It is undisputed that wages were due and owing for the period ending March 7, 1987. Therefore, the first issue is whether sufficient demand was made to entitle plaintiff to penalty wages. Plaintiff's employment was terminated on March 10, 1987. The customary payment date for the period ending March 7 was March 13. The customary method of payment was to have paychecks available in the cash register at Cooter Brown's. Plaintiff's girlfriend during the time at issue testified that she went to Cooter Brown's on March 13, 1987, to pick up plaintiff's paycheck at his request. She testified that the barmaid, Gretchen Gibson, told her that the check was not in the cash register but was locked in the safe. Plaintiff testified that he subsequently attempted to contact Mr. Berestitzky, owner and president of Cooter Brown's, Tavern, Inc., who hung up on him.
Defendant offered the testimony of Berestitzky who testified that plaintiff's check was in the cash register on March 13, and that no one came to pick it up on that date. Defendant also offered the testimony of Gretchen Gibson, the barmaid on duty on March 13, who testified that no one ever came to pick up plaintiff's check. Berestitzky further testified that he first received a request to pay plaintiff by letter from plaintiff's attorney dated April 9, 1987, requesting wages for the week ending March 7, wages for March 8, 9 and 10, and penalty wages and attorney fees. Defendant mailed the check for undisputed wages on May 27, 1987.
The trial court adopted the commissioner's finding that the check for the period of March 1-7 was not available to plaintiff on March 13, 1987 and therefore awarded penalty wages. We disagree. Applying the strict compliance standard, although plaintiff proved that wages were due and owing, he did not prove that he made demand for payment on March 13, 1987 sufficient enough to entitle him to penalty wages. Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir.1973). The first sufficient demand under the statutory requirement was made by plaintiff's attorney by the April 9, 1987 letter. Therefore, plaintiff is entitled to penalty wages for the period from April 9, 1987 to May 27, 1987, the date the check was mailed, 36 days. Thirty-six days multiplied by $110 (daily wages) totals $3690. Therefore, we reduce the amount of penalty wages from $9900 to $3690.
Defendant's second argument is that the trial court erred in finding that the plaintiff was entitled to wages for March 8-10, 1987. Plaintiff testified that he worked during those three days. He testified that on March 10, 1987, his work included paying suppliers. Plaintiff introduced copies of checks made out to suppliers dated March 10, 1987 and signed by plaintiff.
Defendant offered the testimony of Berestitzky who claimed that plaintiff did not work on those three days and that he was unable to get in touch with plaintiff during that time. Defendant also offered the testimony of Gretchen Gibson who testified *1338 that plaintiff was at the bar drinking on March 9, 1987, at around midnight, but that plaintiff was not working on that date. The trial court upheld the commissioner's finding that plaintiff worked March 8, 9, and 10.
The appellate standard of review of fact is that the court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La. 1989). We find no manifest error in the trial court finding that plaintiff worked on March 8-10, 1987 and therefore, affirm this finding.
Defendant next argues that the trial court erred in ordering one week's payment in lieu of vacation. Plaintiff considered the vacation an entitlement as part of his employment. He testified that defendant's employment policy included four weeks paid vacation a year. However, Berestitzky testified that there was no policy regarding vacation pay. Berestitsky claimed that vacation was given in the nature of a bonus. He said that he had scheduled a one week's vacation with plaintiff and he was going to pay plaintiff one week's salary while on vacation, but said that this was a "bonus" to be paid in his discretion. We find that the trial court did not commit manifest error in adopting the commissioner's finding that plaintiff was entitled to vacation pay equal to one week's pay and therefore affirm this finding.
It is unclear whether the trial court awarded penalty wages for defendant's failure to pay wages for March 8-10 or vacation pay. If part of the penalty wages were for these periods, the trial court was in error because, although the trial court found that these wages were due, the record reflects that a bona fide dispute existed as to plaintiff's entitlement to these wages. See LSA-R.S.23:631 and 23:632. Under the statute, after termination of an employee, if it is determined that a bona fide dispute as to wages existed at the time of refusal or failure to pay, penalty wages will not be awarded. Becnel v. Answer, Inc., 428 So.2d 539 (La.App. 4th Cir.1983), LeDoux v. Bay State Management Corp., 499 So.2d 945 (La. App. 3rd Cir.1986). Thus, plaintiff is not entitled to penalty wages for defendant's failure to pay wages for the period of March 8-10 or vacation pay.
Plaintiff requests that additional attorney's fees be awarded against defendant for defense of the appeal. If a suit under LSA R.S. 23:632 is determined to be well-founded in the trial court, it does not lose that status on appeal simply because the plaintiff fails to recover all the relief he sought. Pohl v. Domesticom, Inc., 503 So.2d 125 (La.App. 5th Cir.1987). Therefore, we award an additional $1500 for attorney fees incurred by this appeal, to be taxed as costs against the defendant.
Accordingly, for the foregoing reasons, we amend the judgment of the trial court to reduce the amount awarded for penalty wages to $3960 and to award an additional $1500 in attorney fees. In all other respects, the judgment is affirmed. Each party shall pay its own costs for this appeal.
AMENDED AND AFFIRMED AS AMENDED.