657 So.2d 559 (1995)
Lois SAM
v.
JHANE HOME HEALTH CARE SERVICES, INC.
No. 95-CA-0081.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
*560 Dean J. Favret, Favret, Demarest, Russo & Lutkewitte New Orleans, for plaintiff-appellee, Lois Sam.
Willie H. Turk, New Orleans, for defendant-appellant, Jhane Home Health Care Services, Inc.
Before KLEES, ARMSTRONG, and JONES, JJ.
KLEES, Judge.
Lois Sam (Sam) brought suit against her former employer, Jhane Home Health Care Services, Inc. (Jhane) for unpaid wages, statutory penalties, statutory attorney fees, legal interest and costs. After a summary hearing, the trial court found in favor of Sam, and awarded her $760.00 in past wages, $2,160.00 in statutory penalties, and $1,552.05 in attorney fees. Jhane appeals that judgment. Sam answers the appeal seeking an increase in attorney fees related to the appeal. Finding no error in the trial court's judgment, we amend the judgment to increase the award of attorney fees, and as amended, affirm the trial court's judgment.
Jhane makes three assignments of error. First, it claims that the plaintiff failed to prove she was hurt in any way. Second, she failed to prove that she was entitled to additional monetary damages. Third, Jhane claims that the trial court erred in awarding attorney fees.
Sam was hired by Jhane as a licensed practical nurse. Her duties included calling on patients, and completing various duties prescribed by the patients' doctors. Sam was to be paid $20.00 per home health care visit.
Sam claims that she was to be paid bi-weekly. She alleges that several of her paychecks were late, forcing her to verbally resign on December 27, 1993. She also claims that she made verbal demands for payment of her past due wages, but was told to get an attorney by Elma Montgomery, owner of Jhane.
Sam's attorney sent Jhane a demand letter on January 24, 1994, and a supplemental demand letter on February 26, 1994. Jhane subsequently sent letters to Sam's attorney making various requests for information. Sam complied with the requests, but Jhane still did not pay her, claiming that the information supplied by Sam was somehow lacking. Payment was finally made to Sam on May 31, 1994.
*561 Louisiana Revised Statute 23:631 provides in pertinent part:
A. Upon discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment except that payment may be made via United States mail to the laborer or other employee, ...
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
Louisiana Revised Statute 23:632 provides:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making first demand following discharge or resignation.
Jhane's first and second assignments of error are without merit. Although it is not clear from Jhane's brief, it appears that Jhane is claiming that a bona fide dispute existed as to wages, and therefore, penalty wages should not have been awarded. Jhane argues that if it had paid Sam for the work performed, it could have been fined, or possibly could have lost its license for filing fraudulent claims for payment. Jhane asserts that it had to have original nurse's notes on file before it could legally bill Medicare/Medicaid. Because Sam had not turned in her notes when she demanded payment, Jhane could not pay her.
To recover past due wages under LSA R.S. 23:631 three criterion must be met: 1) The employee must prove that wages were due and owing; 2) that demand for payment was made at the place where he was usually paid; and 3) that the employer failed to pay upon demand. There is sufficient documentation in the record to prove that Sam met the above criteria. Jhane's government reporting requirements have no bearing on the issue presented herein.
Because LSA R.S. 23:632 is a penal statute, it must be strictly construed. See, Hughes v. Cooter Brown's Tavern, Inc., 591 So.2d 1334, 1337 (La.App. 4th Cir.1991), cert. denied, 594 So.2d 1318 (La.1992). It is also clear from the record that Jhane refused to comply with the provisions of LSA R.S. 23:631. Thus, statutory penalties were proper.
Because it is clear that LSA R.S. 23:632 is applicable, it was not error for the trial court to award attorney fees to Sam. Further, Sam has answered the appeal seeking additional attorney fees for the defense of the appeal. Where a party has already been awarded attorney fees by the trial court, and then successfully defends an appeal, an increase in attorney fees should be awarded. See, Id. at 1338; Stutes v. Rossclaire Const., Inc., 575 So.2d 466, 471 (La.App. 3d Cir. 1991). Accordingly, we award an additional $750.00 in attorney fees.
For the reasons set forth above, we amend the judgment of the trial court, and as amended, affirm.
AMENDED AND AFFIRMED