|1MAX N. TOBIAS, JR., Judge.
Ralph Buras, the plaintiff/appellant herein, filed this appeal to increase the amount of attorney’s fees awarded by the trial court in connection with his suit for *651 unpaid wages. After reviewing the record, we amend the judgment and affirm as amended.
Mr. Buras was employed as one of two court reporters for Section “A” of Orleans Parish Criminal District Court from July 1986 to November 1998. In accordance with La. R.S. 13:1373, he was paid a regular monthly salary for recording all proceedings. He also received payment from the requesting party for transcripts he prepared. Compensation for transcripts furnished for indigent defendants was to be paid out of an indigent transcript fund. See La. R.S. 13:1381.1.
During the course of his employment as a court reporter for Section “A” of Criminal District Court, plaintiff prepared numerous transcripts for indigents and submitted invoices to the court. When Mr. Buras resigned his position at Criminal District Court on 12 November 1993, invoices dating back to 1989 remained | ¡.unpaid. He subsequently received at least three transcript checks in early 1994, with the last dated 9 May 1994.
Mr. Buras filed suit to recover the $20,954.50 remaining due on 4 April 1997. The defendants subsequently filed an exception of prescription, which was sustained by the trial court. On 9 February 2000, this Court reversed and remanded the matter to the trial court. Buras v. Schultz, 99-1997 (La.App. 4 Cir. 2/9/00), 752 So.2d 981. The defendants applied for a writ of certiorari to the Louisiana Supreme Court, which was denied. Buras v. Schultz, 2000-0727 (La.4/28/00), 760 So.2d 1178. Thereafter, the plaintiff filed a motion for summary judgment against the defendants for the monies due, penalty wages, court costs, judicial interest, and attorney’s fees. After a hearing, the trial court granted the motion and awarded the plaintiff past due wages in the amount of $20,954.50. Defendants subsequently filed an appeal; we affirmed the trial court. Buras v. Schultz, 2000-1932 (La.App. 4 Cir. 5/23/01), 789 So.2d 663.
The matter then returned to the trial court for a determination of penalty wages and attorney’s fees. On 10 January 2002, the trial court entered judgment awarding the plaintiff penalty wages in the amount of $15,563.00, judicial interest from the date of judicial demand, costs, and attorney’s fees thereon in the amount of 15%.
The plaintiff filed a motion for written reasons for judgment. On 8 February 2002, the trial court issued reasons, stating:
Pursuant to R.S. 23:632, in addition to the award of past due wages in the amount of $20,954.50, plaintiff |3is also entitled to penalty wages of $15,563.00 and reasonable attorneys fees, which this Court finds to be 15% of the total amount collected.
The only issue presented in this appeal is whether the trial court abused its discretion when it awarded attorney’s fees of 15% of the total amount collected. The plaintiff contends that he submitted an itemized statement of attorney’s fees and expenses totaling $21,354.54, as of 1 August 2001, with his motion. He argues that in light of the protracted and complicated history of this matter and the time expended to reach a successful outcome, the trial court should have awarded the full amount of $21,354.54. In response, the defendants contend that the trial court did not abuse its discretion and obviously felt that the amount sought by the plaintiff was excessive.
When an employee is forced to file suit to recover his unpaid wages, the award of reasonable attorney’s fees is mandatory pursuant to La. R.S. 23:632, which provides in pertinent part:
*652 Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
A recognized purpose of La. R.S. 23:632 is to foster availability of counsel to workers vdio have been unlawfully denied earned compensation. The attorney’s fee award is to be taxed as costs against the employer. Mitchell v. Turner, 588 So.2d 1305, 1308 (La.App. 2 Cir.1991).
“An award of attorney fees is based on the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in | controversy, the novelty and difficulty of the questions involved, and the percentage fixed for attorney fees in plaintiffs contract with his attorney, if based on a contingency.” Brown v. Navarre Chevrolet, Inc., 610 So.2d 165, 172 (La.App. 3 Cir.1992), citing Rules of Professional Conduct, Rule 1.5. Additionally, the Louisiana Supreme Court has identified several factors to be taken into consideration when determining the reasonableness of attorney’s fees: “(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge.” Rivet v. State, Dep’t of Transp. and Dev., 96-145, pp. 11-12 (La.9/5/96), 680 So.2d 1154, 1161.
Although this case took- over four years to complete and was successfully litigated in the plaintiffs favor, we cannot say that the facts or the legal issues were particularly complicated. However, we also recognize that the plaintiff was involved in two previous appeals in this case in this court, both of which were decided favorably to him. In light of the factors set forth above and after reviewing the supporting documentation filed into the record, we find that the trial court abused its discretion in awarding attorney’s fees of only fifteen percent of the total amount collected. Although the plaintiff has requested $21,354.54 in attorney’s fees, we find a reasonable amount under this fact scenario to be thirty-five percent. Accordingly, we amend the judgment of the trial court to award attorney’s fees of thirty-five percent of the total amount collected.
|fiThe plaintiff also seeks additional attorney’s fees for the prosecution of this appeal. Where a party has already been awarded attorney’s fees by the trial court, and then successfully defends an appeal, an increase in attorney’s fees should be awarded. Sam v. Jhane Home Health Care Services, Inc., 95-0081 (La.App. 4 Cir. 6/7/95), 657 So.2d 559; Johnson v. Drury, 99-1071 (La.App. 5 Cir. 6/2/00), 763 So.2d 103. Here, however, the plaintiff filed the instant appeal. Therefore, an increase in attorney’s fees would not be appropriate.
Based on the foregoing, we amend the judgment of the trial court to award attorney’s fees of thirty-five percent of the total amount collected and affirm as amended. All costs of this appeal are assessed against the defendants.

AMENDED; AFFIRMED AS AMENDED.