laSOL GOTHARD, Judge.
Plaintiffs, Bobby Spurlock and Dennis Kraft, appeal from the dismissal of their action against the defendant, Crescent City Nissan. For the following reasons, we affirm the decision of the trial court.
Plaintiffs filed this suit alleging that they had been terminated from their employment with Crescent City Nissan. They alleged that they were owed wages in the form of commissions and vacation pay, as well as penalties and attorney fees, for defendant’s failure to timely pay these wages.
Testimony at trial established that prior to May 31, 2000, Crescent City Nissan employed both plaintiffs. Plaintiff Bobby Spurlock was employed as a General Sales Manager, and plaintiff Dennis Kraft was employed as a Sales Manager. Shortly prior to the events described here, Crescent City Nissan’s General Manager, Jerry Moissant, and General Sales Manager, John Oliver, left their employ and went to work for a Chevrolet dealership.
At trial it was also established that the plaintiffs were paid commission, after subtracting of a base draw and any charge backs. They were paid a base draw of $1,000.00, on the first and the fifteenth of the month respectively, and they received the commission within a week of the last day of the month.
Bobby Spurlock testified that he worked on May 31, and it was a “normal” workday. When he went to work on June 1, he heard rumors that a new General Manager was coming and that he was to be replaced or fired. After work that 13evening, he stated that he went to the management company, where a Mr. Patrick Yoss told him he was to be fired. He then turned in a letter of resignation, effective June 1, 2000. His notice of separation sent by Crescent City Nissan states that his last day worked was May 31, 2000. Within the week, he was hired by the Chevrolet dealership that had hired his prior supervisors.
Mr. Voss testified that Spurlock came to see him on June 1. Voss introduced him to Mr. Lennon Lassiter and stated that he was the new General Manager of the deal *392 ership. At that time, Spurlock handed him a pre-drafted resignation letter. Mr. Voss testified that he did not terminate Spurlock’s employment; in fact, he wanted both Spurlock and Kraft to stay.
Spurlock testified that he had received his base draw on May 1 and May 15, and that he received his final checks three weeks after the cessation of employment. The checks, one for vacation pay and one for commissions, were dated June 16, 2000. Spurlock contended that the checks did not include vacation pay and commission to which he was entitled; however, he did not introduce any evidence to show the amount of the commission and vacation pay he alleges he was not paid.
Dennis Kraft testified that May 31 was a normal workday. On June 1, there was a meeting at the dealership with Walter Blessy, the owner. Bobby Spurlock was the only person not at that meeting. At that meeting, he was told that Moissant had resigned, and that there would be a possibility for promotion. That night, he received a telephone call that the supervisor positions were to be filled by two other persons. He was upset because he did not have a chance at promotion, and he never returned to the dealership. At trial, he admitted that he voluntarily left his employment. The separation notice he received from Crescent City Nissan stated a separation date of June 2, 2000, and that his last day worked was May 31, 2000. Kraft was also hired by the Chevrolet dealership within the week.
| JKraft testified that he received his base draw on May 1 and 15, and that he later received his final checks, which were dated June 16, 2000. Copies of the checks were introduced into evidence and they show that he was paid $3,000.00 vacation pay and $2,418.00 commission.
At trial Kraft first testified that vacation pay was calculated on the base draw and any moneys earned by the department. He then testified that he was told he was entitled to vacation pay based on the average of the last six months commission, but admitted he had never received such vacation pay in the past.
Mr. Voss testified that managers were entitled to three weeks vacation pay, which was calculated by the draw. He further stated that both Mr. Spurlock and Mr. Kraft received all the monies to which they were entitled, and that there were some charge backs which were not deducted.
In this appeal, plaintiffs allege that the trial court erred in finding that defendants complied with La. R.S. 23:631. They further allege that the trial court erred in finding that they had not been terminated from employment and that they were not entitled to additional commissions and vacation pay.
At the time of the filing of this suit, La. R.S. 23:631[1] provided in part that that:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
15(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the *393 person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.
La. R.S. 23:632 provides for penalties and attorney fees for any employer who fails or refuses to comply with the provisions of La. R.S. 23:631.
To recover past due wages under La. R.S. 23:631, three criterion must be met: 1) The employee must prove that wages were due and owing; 2) that demand for payment was made at the place where he was usually paid; and, 3) that the employer failed to pay upon demand. Sam v. Jhane Home Health Care Services, Inc., 95-0081 (La.App. 4 Cir. 6/07/95), 657 So.2d 559, 561.
A trial court’s finding of fact may not be reversed absent manifest error or unless clearly wrong. Stobart v. State of Louisiana, Through Department of Transportation and Development, 92-1328 (La.4/12/93), 617 So.2d 880; Lasyone v. Kansas City Southern R.R., 2000-2628 (La.4/3/01), 786 So.2d 682.
In this case, the trial court reviewed the evidence presented and found that both plaintiffs voluntarily resigned from employment, and that the plaintiffs were timely paid all wages, vacation pay, and commission due pursuant to La. R.S. 23:631. Our review of the record finds no manifest error in this determination.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs.

AFFIRMED.

. La. R.S. 23:631(A)(1)(a) was amended by Acts 2001, 1171, § 1 and now provides that "Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharges, whichever occurs first.”