EDWIN A. LOMBARD, Judge.
| plaintiff, Jose Rodriguez, brought this suit to recover from the defendant, Reginald Green, a sum of $7,700 as wages allegedly due under the terms of employment along with penalty wages and attorney’s fees under La.Rev.Stat. 23:631 and La.Rev.Stat. 23:632. The trial court rendered judgment in favor of the plaintiff and against the defendant in the amount of $2,000 plus costs and legal interest. The plaintiff appeals.

Relevant Facts and Procedural History

The defendant is a local businessman engaged in the repair and/or renovation of homes in the New Orleans area. From around July 2008 through January 2009, the plaintiff was employed by the defendant to perform manual labor including carpentry, painting, hanging sheet rock, siding, and construction work on residences throughout Orleans Parish.[1] The plaintiff decided to leave his employment with the defendant in or around January of 2009 because of the defendant’s alleged failure to pay agreed upon wages.
After numerous oral demands, on February 25, 2010, the plaintiff made a written amicable demand for work performed on six construction sites including [2framing, painting, sheetrock, and other work, for a total of $7,700. When the defendant failed to respond, on August 22, 2011, the plaintiff filed suit in First City Court of the City of Orleans against the defendant, seeking to recover unpaid wages, penalty wages, court costs, and attorney’s fees pursuant to La.Rev.Stat. 23:631 and La.Rev. Stat. 23:632. The plaintiff alleged that the defendant still owes the plaintiff $11,700 in wages for work performed which includes: (1) twenty-seven days of work with a wage rate of $100/day; (2) $4,000 in wages as the defendant only paid about $200 of the agreed upon $600 per six days worked;[2] and (3) $5,000 for the construction of a *3 second floor of a duplex (Johnson Street residence).
After hearings held on September 21, 2011 and on October 18, 2011, the trial court rendered judgment with reasons on October 19, 2011, in favor of the plaintiff and against the defendant in the amount of $2,000 plus costs and legal interest. The plaintiff appeals this judgment.

Law and Discussion

On appeal, the plaintiff assigns as error: (1) the trial court’s calculation of the wages due to the plaintiff; (2) the trial court’s failure to award the plaintiff penalty wages; and (3) the trial court’s failure to award the plaintiff attorney’s fees.

Standard of Review

The reviewing court may not overturn the judgment of the lower court absent an error of law or finding of fact that is manifestly erroneous or clearly wrong. Stobart v. State of Louisiana, Through Dep’t. of Transp. & Dev., 617 So.2d 880, 882 (La.1998). The Supreme Court has identified a two-part test for the reversal of a fact finder’s determinations:
(1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court; and
(2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Id. at 882, citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
The reviewing court is to review the evidence in the light most favorable to the prevailing party. Russell v. Noullet, 98-0816, p. 5 (La.12/1/98), 721 So.2d 868, 871. “If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it even though it is convinced that if it had been sitting as the trier of fact, it would have weighed the evidence differently.” Saacks v. Mohawk Carpet Corp., 03-0386, p. 3 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 363, citing Anderson v. Bessemer City, N.C., 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Id., p. 3, 855 So.2d at 364; citing Virgil v. American Guarantee & Liability Ins., 507 So.2d 825 (La.1987). .
In his first assignment of error, the plaintiff contends that the trial court committed manifest error in awarding $2,000 in unpaid wages because it is not based on a reasonable factual basis. In support of his argument, the plaintiff cites La.Rev. Stat. 23:631, which provides in pertinent part that, “[ujpon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment from the time his employment relationship ended.” The plaintiff accordingly maintains that pursuant to La.Rev.Stat. 23:631, |4from the'time his employment relationship ended with the defendant, the law imposed on the defendant the duty to pay the following two distinct amounts of wages due under the terms of employment: (1) $5,000 for work performed on the Johnson Street residence; and (2) $2,700, according to the alleged agreement of $100 per day, representing the twenty-seven days the defendant did not pay on the other construction sites. The plaintiff asserts that record is devoid of any evidence reflecting such payments of wages were made to him for the work performed throughout the course of his employment, except for the defendant’s self-serving statements maintaining that he paid the plaintiff. Accordingly, the is *4 sue before this court is whether the trial court’s decision was a reasonable one or one supported by the record.
At trial, the plaintiff presented into evidence a payment chart he recreated in July 2008, after the original payment chart that he created contemporaneously with work performed was lost.[3] According to the plaintiffs testimony, the payment chart was a record of the dates, places, offered wages, and actual payments made for the construction projects he was involved in for the defendant. Larry Bag-nerois, who runs the City’s Human Relations Commission, testified that he met with the defendant regarding the plaintiffs case. Mr. Bagnerois stated that he asked the defendant to fax receipts of payments made to the plaintiff, but they were never received.
The defendant testified that he never agreed to pay the plaintiff $100 per day, nor did he agree to pay $5,000 for the Johnson Street residence. He stated that he typically pays his employees by the job with a deposit at the start of the job and a deposit at its completion. The defendant further testified that the plaintiff | ¡¡received a total of $7,700 over the course of time of the five jobs; however, he did not have receipts for the payments made to the plaintiff.
The trial court found that the defendant is obliged to the plaintiff due to his failure to produce evidence, such as invoices or receipts, that the plaintiff “was paid, in full, for the work performed at four different residences in Orleans Parish.” Further, the trial court found that the defendant “could not substantiate his defense that the agreement between the parties, as to wages, would be ‘per job.’ ”
However, the trial court did not believe that the total amount of $7,700, as sought by the plaintiff, is due for two reasons: (1) “[i]f the defendant had agreed to pay $5,000 for the Johnson Street project, Mr. Rodriguez would have been paid the entire amount of the contract between the homeowner and Mr. Green” and (2) “Mr. Rodriguez’s payment chart was insufficient” because it was not his original payment chart, but one he recreated at a later time based on his memory alone.
In reviewing the facts found by the trial court, appellate court must do more than simply review the record for some evidence which supports or controverts the trial court’s findings; it must instead review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Stobart v. State of Louisiana, Through Dep’t. of Transp. & Dev., 617 So.2d 880, 882 (La.1993). Based upon this Court’s review of the record, we do not find that the trial court was clearly wrong in awarding $2,000 to the plaintiff for unpaid wages. Although the court incorrectly stated that the pricing for the complete job at Johnson Street residence was $5,000, as the record reflects that the defendant was to be paid a total of $54,000, the trial court’s misstatement is immaterial to the reasonableness of its decision. The evidence in the record was insufficient to find | fiin favor of the plaintiff for the total amount of $7,700 he was seeking. Accordingly, we find that the trial court reasonably awarded $2,000 to the plaintiff.
In his second specification of error, the plaintiff submits that the trial court’s failure to consider and award penalty wages was manifest error. Louisiana Rev. Stat. 23:632, in pertinent part, provides:
*5 Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
In order to recover penalty wages under La.Rev.Stat. 23:632, a claimant must establish the following three factors: (1) that wages were due and owing; (2) that demand for payment was made where the employee was customarily paid; and (3) that the employer did not pay upon demand. Jeansonne v. Schmolke, 2009-1467, p. 17 (La.App. 4 Cir. 5/19/10), 40 So.3d 347, 361, citing Becht v. Morgan Bldg. & Spas, Inc., 02-2047, p. 4 (La.4/23/03), 843 So.2d 1109, 1112.
The plaintiff argues that he satisfied his burden of proof and established his entitlement to penalty wages. However, a claim for penalty wages under La.Rev. Stat. 23:632 may be defeated by an equitable defense. Beard v. Summit Institute for Pulmonary Medicine and Rehabilitation, Inc., 97-1784, p. 7 (La.3/4/98), 707 So.2d 1233, 1236. Where there is a bona fide dispute over the amount of wages due, an employer’s failure to pay is not an arbitrary refusal and no penalties will be awarded. See Jeansonne v. Schmolke, supra. “A trial court’s determination of whether an employer is arbitrary or in bad faith for purposes of imposing penalty wages is a question of fact and is, therefore, subject to the manifest error standard of review.” Id. Accordingly, the issue lies in whether the trial court reasonably 17found that the defendant proved an equitable defense to his liability for the unpaid wages.
Although a review of the record indicates that the trial court did not specifically state that it considered whether the defendant was acting in bad faith, the trial court’s failure to award the penalty wages reasonably suggests that it found a bona fide dispute concerning the amount of unpaid wages due by the defendant to the plaintiff. The record supports a reasonable basis for the finding that a bona fide dispute existed, and the trial court was not clearly wrong in not awarding the plaintiff penalty wages.
In his third and final assignment of error, the plaintiff asserts that the trial court erred in failing to include reasonable attorney’s fees in its judgment. Louisiana Revised Statute 23:632 provides that the court shall award “[Reasonable attorney fees ... in the event of a well-founded suit for any unpaid wages whatsoever be filed ... by the employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”
“Even if penalty wages are not due, reasonable attorney’s fees are to be awarded for a well-founded suit for any unpaid wages.” Saacks v. Mohawk Carpet Corp., p. 18, 855 So.2d at 371. Unlike penalty wages, the jurisprudence has not recognized equitable defenses to the award of attorney’s fees in the event that a “well-founded suit” for wages is filed. See Beard v. Summit Institute of Pulmonary Medicine and Rehabilitation, Inc., supra. If the court makes any award of unpaid wages, the suit is considered “well-founded,” even if some equitable defense precludes the award of penalty wages. Loup v. Louisiana State Sch. For the Deaf, 98-0329, p. 8 (La.App. 1 Cir. 2/19/99), 729 So.2d 689, 694. (Emphasis added).
|sIn this case, the plaintiffs suit is clearly considered “well-founded” because the trial court awarded the plaintiff $2,000 for unpaid wages. Thus, the plain *6 tiff is entitled to an award of reasonable attorney’s fees pursuant to La.Rev.Stat. 28:632. Buras v. Schultz, 02-0628, p. 3 (La.App. 4 Cir. 9/18/02), 828 So.2d 649, 651. Accordingly, we find that the trial court erred in not awarding attorney’s fees to the plaintiff. Based upon the record before us, we find these reasonable attorney’s fees to be $1,000.00. In his petition, the plaintiff prays for the award of legal interest from the date of judicial demand. The judgment rendered granted only legal interest without specifying when the interest commenced. As a matter of law, the plaintiff is entitled to legal interest from the date of judicial demand. La. Civ.Code art. 2000; La. Civ.Code Proc. arts. 1221, 2129, and 2164.
Conclusion
For the foregoing reasons, we amend the judgment of the trial court to award the judgment- in favor of Jose Rodriguez and against Reginald Green for $2,000.00, with interest thereon at the legal rate from the date of judicial demand, until paid; all costs of these proceedings; and attorney’s fees of $1,000.00.
AMENDED; AS AMENDED, AFFIRMED

. According to the record, the residences that the plaintiff performed construction work for the defendant include homes located on "Johnson Street, St. Roch, Debore, Louisa, and Claiborne.”

. The record reflects that at the October 17, 2011 hearing, the plaintiff only wanted to seek the "$7,700 today” (the twenty-seven days of work at the wage rate of $100 per day and the $5,000 for the construction project on the Johnson Street residence).

. The plaintiff’s payment chart presented at trial was not submitted into the record for review.