383 So.2d 813 (1980)
Robert L. AGNELLY
v.
John L. LAURICELLA, Jr., Frank Renaudin, Richard Dalferes, DeLauren Corp., d/b/a Air Oil, Inc.
No. 10957.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1980.
Rehearing Denied May 22, 1980.
*814 J. Paul Demarest, Favret, Favret, Demarest & Russo, New Orleans, for plaintiff-appellee.
Bruce G. Reed, Reed & Reed, New Orleans, for defendants-appellants.
Before SAMUEL, SCHOTT and HOOD,[*] JJ.
SCHOTT, Judge.
Robert L. Agnelly brought this suit for the balance of commissions allegedly due him as a salesman for Air Oil, Inc. He also sought wages allegedly earned as a foreman for the company in the amount of $358.75, expenses of $370.00 and penalties and attorney's fees pursuant to LSA R.S. 23:632. The trial court awarded plaintiff $7,352.29 for unpaid commissions along with attorney's fees in the amount of $2,150.00. Defendant was also taxed for an expert witness fee in the amount of $1,100.00 for a certified public accountant who testified in plaintiff's behalf. The trial court dismissed plaintiff's claim for wages, expenses and penalties. From the judgment defendant has appealed and plaintiff has answered the appeal.[1]
At the end of 1975 defendant started its business of cleaning up oil spills and employed plaintiff as a salesman on a commission basis. Shortly after his employment plaintiff secured a cleanup job with Gulf Oil Corporation. This job was carried out during the first quarter of 1976 and produced gross income to defendant of $310,564.15. Plaintiff was employed by virtue of an oral agreement made with the three stockholders of defendant, Messrs. John L. Lauricella, Frank H. Renaudin and Richard Dalferes. According to plaintiff the agreement called for payment to him of 10% of the gross profit realized on the job and gross profit meant the total billings to Gulf less those amounts actually spent on the job for labor and materials. According to the stockholders, plaintiff was to be paid 10% of net profit which was the amount of cash they actually put into their pockets after the job was completed. The issue in the case revolves around certain costs which defendant deducted from the gross income collected from Gulf before computing plaintiff's 10% commission.[2]
*815 In order to prove his case, plaintiff called a certified public accountant who testified that four items which defendant had deducted from the gross income were not properly included as costs of the job. These were as follows:

Prepaid insurance $10,100.00
Cost of a boom 19,513.56
Inventory on hand after completion
 of the job 13,009.00
Error in accounts payable 4,559.77

In connection with the insurance item, defendant's principals took the position that the Gulf Oil job was the only reason for having the insurance and consequently the entire premium was a legitimate item to deduct as a cost of the job. The accountant testified that the $10,100.00 represented a prepaid insurance item remaining in defendant's hands after the job was completed. As to the boom, defendant's principals testified that the only reason they purchased the boom was to do the Gulf Oil job and consequently it was a legitimate deduction as a cost of that job. However, the evidence showed that the boom was still a usable piece of equipment after the job was done and continued to be usable for two and a half years thereafter. The accountant testified that depreciation on the boom was the proper item of cost to be deducted from the job. The inventory item was that portion of expendable materials defendant purchased for use on the Gulf job which was left over after the job was completed. The figure was specifically based on a letter from defendant to its accountant acknowledging that this material was on hand at the end of the Gulf job. Finally, in connection with the adjustment of accounts payable the certified public accountant testified that he traced every item which was billed to defendant in payment of such bills and he concluded from his meticulous review of defendant's records that the accounts payable were erroneously overstated in defendant's schedule of costs incurred on the job.
Defendant made timely objection to the testimony of the accountant and argues in this court that the trial court erred in permitting the accountant to testify. Defendant takes the position that the accountant's opinion as to the proper allocation of the costs was irrelevant since he was not a party to the conversations in which the agreement between plaintiff and defendant was made. We have concluded that this testimony was properly admitted under the facts of this case as well as the law.
There was not a great difference between plaintiff's version and defendant's version of the contract. When the dispute came to a head defendant's bookkeeper prepared a schedule which was unacceptable to plaintiff because he deducted too much from the job income in the way of costs. Plaintiff was entitled to expect assistance in analyzing and challenging these figures which had been taken from records compiled by defendant's certified public accountant. When plaintiff's accountant completed his work he identified the insurance, boom and inventory as assets remaining in defendant's hands and reached the obvious conclusion that these were not costs incurred on the job. Even without the benefit of the testimony of a certified public accountant, common sense dictates that a salesman working on a commission of 10% of the profit on the job would not be charged with the cost of assets which remained in the hands of his employer after the job was completed. In effect, defendant takes the untenable position that plaintiff would earn 10% of cash which was left but would lose that portion of his commission on cash used to purchase other assets.
Furthermore, the use of the testimony of plaintiff's certified public accountant was consistent with the law as expressed in LSA C.C. Art. 1945 et seq., concerning the interpretation of agreements. His testimony served to assist the court in the interpretation of the accounting terms, which necessarily had to be interpreted by comparing plaintiff's claim with the schedule produced by defendant's bookkeeper, Art. 1947; and the accountant's testimony was likewise useful to the court in ascertaining what the intention of the parties was in the case. Art. 1950.
*816 Finally, the decision of the trial judge, in refusing to allow defendant to deduct the items discussed from the gross income from the Gulf job was within the fact finding province of the trial judge and should not be disturbed in the absence of manifest error. Far from finding such error, we conclude the decision was eminently correct.
With respect to plaintiff's answer to the appeal in which he seeks wages and expenses, the same principle controls our decision. Although plaintiff testified that he earned $100.00 per day in wages plus $25.00 per day in expenses for 21 days, and for that he was short-changed, the trial judge concluded that plaintiff failed to prove his claim by a preponderance of the evidence. The record supports this conclusion. Defendant's principals testified that plaintiff incurred, and defendant paid, expenses for his motel and meals during the 21 days in amounts which exceeded that which they had agreed to pay, so that plaintiff got all that was coming to him. The record does not provide a basis for us to disturb this conclusion by the trial court.
Turning to the question of penalties and attorney's fees under R.S. 23:632, the trial court concluded that plaintiff was not entitled to penalties because there was a bona fide dispute between the parties as to what was owed to plaintiff. We find no error in this conclusion and consequently penalties are not due. However, even though the imposition of penalties is precluded plaintiff is entitled to attorney's fees under Carriere v. Pee Wee's Equipment Co., 364 So.2d 555 (La.1978). This is so notwithstanding the fact that his claim is for commissions as opposed to hourly or daily wages, Rubenstein Bros. v. La Forte, 320 So.2d 303 (La.App. 4th Cir. 1975), Nolfo v. Landeche, 339 So.2d 331 (La.1976). Finally, plaintiff has asked for an increase in the attorney's fees, but the award is within the sound discretion of the trial court and will not be disturbed. Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[*] Due to the death of Judge Hood prior to rendition, but after his concurrence therein, this opinion is rendered unanimously by Samuel and Schott, JJ.
[1] The suit was originally brought against John L. Lauricella, Frank H. Renaudin and Richard Dalferes who are the holders of all of the stock of DeLauren Corporation, the parent corporation of Air Oil, Inc. DeLauren Corporation, d/b/a Air Oil, Inc. and Air Oil, Inc. were also joined as defendants. The judgment on appeal is against DeLauren Corporation, d/b/a Air Oil, Inc. No issue has been raised in this court with respect to the liability of the individual defendants or that judgment was taken against the proper defendant.
[2] In the trial court there was also in dispute plaintiff's claim for commissions on three smaller jobs. The judgment includes these, and this aspect of the judgment is not seriously questioned by defendant in this court.