610 So.2d 165 (1992)
Connie R. BROWN, Plaintiff-Appellant,
v.
NAVARRE CHEVROLET, INC., Defendant-Appellee.
No. 91-1133.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Rehearing Denied January 21, 1993.
*167 Edward J. Fonti, Lake Charles, for plaintiff-appellant.
James A. Watson, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
This is a suit by plaintiff, Connie Brown, against defendant, Navarre Chevrolet (Navarre), seeking recovery for unpaid wages, statutory penalties, and attorney's fees pursuant to La.R.S. 23:631, et seq. Plaintiff appeals from an adverse judgment awarding Navarre $266.73 on its reconventional demand. We reverse in part and affirm as amended.
Plaintiff began working as a car salesperson for Navarre on May 1, 1987. Plaintiff was paid a salary of $850.00 per month, plus commission on sales. Commission checks were issued separately and were referred to as "bonus" checks. In February of 1989, she began working on straight commission and in the beginning of June of 1989, she was transferred to the service department and worked as a service inspector earning a salary of $850.00 per month, plus commissions.
Soon after she began working for Navarre, she signed a "Salesmen Job Description" compiled by Billy Navarre, which set forth various company policies. This document notified plaintiff of three situations where a "fine" would be imposed. She soon became aware of other situations when, during the course of her employment with Navarre, her bonus earnings were reduced by certain deductions imposed for a variety of actions or inactions. For instance, the record shows deductions were made when plaintiff arrived late for sales meetings, failed to get certain signatures on sales documents, arrived late for work, failed to process paperwork on a sale timely or properly, left a car parked in the wrong place, lost car keys, forgot to list a potential customer's name on the guest *168 book, failed to have a calendar made, or failed to get signatures on paperwork.
Plaintiff voluntarily terminated her employment with Navarre on June 14, 1989. She requested her final paycheck, only to be informed it was "zeroed out", which meant she was not going to receive any pay. Her wages for the pay period were applied to a revolving charge account which plaintiff opened with Navarre for her personal auto repairs, etc. She asked for documentation or statements from the payroll clerk and the company's comptroller to explain the transactions which would zero out her gross pay. None were forthcoming, and plaintiff initiated this lawsuit. She sought repayment of all amounts deducted as "fines," credit to her charge account for alleged unauthorized charges of $500.00 for customers' debts, wages and commissions due for the last eight days of her employment, vacation pay, attorney's fees, penalties, and court costs provided for in La.R.S. 23:632.
Navarre answered the petition, denying wages were owed to plaintiff, denying any unauthorized deductions or charges were made, and filed a reconventional demand. Navarre pled set-off, alleging the records reflected that after charge-backs, plaintiff owed Navarre $266.73. Navarre further claimed losses on a vehicle plaintiff used under a demo agreement. Navarre later amended its reconventional demand to include an offset for Navarre's payment of damages as a result of an accident plaintiff was involved in while driving one of its vehicles.
Following a bench trial, the trial court determined (1) Navarre's deductions were not illegal because they were deducted out of bonuses which were above and beyond salary; (2) the charges to plaintiff's revolving account for $100.00 were authorized when plaintiff signed the repair order and plaintiff did not prove the other $400.00 by a preponderance of the evidence; (3) plaintiff received her vacation pay in May, 1989; and, (4) after all the accounts were balanced out, plaintiff owed Navarre $266.73. In accordance with these findings, the trial court rendered judgment in favor of Navarre Chevrolet and against plaintiff, Connie Brown, dismissing plaintiff's demands and awarding Navarre Chevrolet $266.73, plus legal interest. Plaintiff appeals the trial court's judgment.

DISCUSSION
The original demand was brought pursuant to La.R.S. 23:631, 632, and 635, which provide, in pertinent part:
§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed....
(Emphasis ours).
§ 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded *169 suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
§ 635. Assessment of fines against employees unlawful; exceptions
No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages. This section shall not apply in cases where the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer, but in such cases the fines shall not exceed the actual damage done.
The first issue in this case is whether or not the commissions paid by Navarre were "wages", making the statutes applicable. The second issue is whether the deductions were illegal "fines" when applying the statutes.
The trial court determined the commissions were not part of salary and, therefore, the statutes were inapplicable. We disagree with this interpretation which would exclude from statutory protection a large percentage of employees, contrary to the legislative intent. It is well settled that the term "wages" includes commissions and courts have entertained actions for unpaid commissions under the statute.
In Stell v. Caylor, 223 So.2d 423 (La. App. 3rd Cir.1969), writ refused, 254 La. 778, 226 So.2d 770 (1969), the court states:
". . . .
Usually, the amount due the employee under a contract of employment is for wages. The term "wages" has been interpreted to include all types of remuneration for personal services, such as salaries, commissions, bonuses, expense allowances for which the employee does not have to account, paid vacations, etc. (Emphasis ours).
In Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4 Cir.1975), the court states:
". . . .
Initially, Rubenstein Bros. contends to us that these laws are not applicable since LaForte was paid on a commission basis based on amount of sales and hence his employment was not by the day, week or month. The application of the statute is not governed by the type of salary or payment received by the employee but rather by the terms of the employment itself. In this case, the trial court found that the employment was by the week, because the employee had a weekly draw of $180.00 per week. In view of the fact that the days per week that such salesmen could work were regulated by the employer, we have no quarrel with this finding, although we note that the weekly draw was not a guaranteed salary, but was subject to adjustment and accounting one way or another based upon the amount of goods sold, goods returned, et cetera once each month. In any event, we find that LaForte does come within the provisions of the statute cited above."
In Nolfo v. Landeche, 339 So.2d 1331 (La.App. 1st Cir.1976), the plaintiff earned a salary of $500.00 per month plus 10% commissions on all sales made by him. After resignation, his employer claimed the plaintiff was entitled to only a portion of his commission on each sale, based on the amount of work he did compared to the total work that was required to complete the sale. On appeal, the court affirmed the lower court's award of commissions due and attorney's fees under the penalty wage statutes.
In Hess v. Pembo, 422 So.2d 503 (La.App. 4th Cir.1982), the plaintiff was employed as a personnel counselor with the defendant employment agency. Plaintiff received commissions in accordance with the agency's procedures, based upon the placed employees salary and various other factors. After plaintiff's resignation, the defendant withheld commissions earned during her employment. Plaintiff sued under LSA-R.S. 23:631, et seq., and the court, recognizing commissions as "wages," also awarded penalties and attorney's fees under the statutes.
*170 In Pearce v. Austin, 465 So.2d 868 (La. App.2d Cir.1985), plaintiff, a former salesman, filed suit under the penalty wage statutes against the defendant construction company for unpaid commissions, penalties, and attorney's fees. The court reversed the trial court's decision that the statutes were inapplicable and awarded wages and attorney's fees under § 632.
In Agnelly v. Lauricella, 383 So.2d 813 (La.App. 4th Cir.1980), plaintiff had been a salesman for Air Oil, Inc. working on a salary plus commission basis of 10% of the profit realized from any job secured by the plaintiff. The court affirmed the trial court's award of wages and attorney's fees under the wage statutes.
In Potvin v. Wright's Sound Gallery, Inc., 568 So.2d 623 (La.App.2d Cir.1990), plaintiff filed suit seeking unpaid commissions, vacation pay, plus the statutory penalties and attorney fees provided in LSA-R.S. 23:632. The court affirmed the trial court's award of unpaid commissions and vacation pay, considering both commissions and vacation pay to be "wages" for the purpose of LSA-R.S. 23:631. The court further affirmed the award for penalty wages and attorney's fees under the statute.
In light of the above, there is no dispute that the source from which the deductions from plaintiff's commissions were made is wages. Additionally, a reading of LSA-R.S. 23:631 clearly includes commissioned employees. The application of this statute is not governed by the type of salary or payment received, but by the terms of the employment itself. Plaintiff received her commissions monthly, thereby falling within the requirements of LSA-R.S. 23:631, that the employment be by the hour, day, week, or month.[1] Thus, plaintiff's claim falls squarely within the provisions of LSA-R.S. 23:632, et seq.
Having decided that the statutes do apply, we must then determine what deductions were made, the legality of those deductions, and the ensuing consequences.
Plaintiff introduced the Salesmen Job Description prepared by Billy Navarre of Navarre Chevrolet. This document contained policies and procedures noting a number of violations for which employees can be fined:
". . . .
22. Front row used cars or any used car that we have $5500 or more in, should not be used by salesmen at any time without OK by MANAGER. If the vehicle is used without OK a $50.00 fine will be issued to salesman.
23. No used car will be loaned out by anyone. A $50.00 fine per day for the salesman.
. . . .
40. A $50.00 fine will be issued to any salesperson that loses a lock box key."
We note the word "fine" specifically used in the document. Navarre argues that rather than term the deductions as fines, these were administrative costs and part of the overall commissions scheme. We cannot agree. It is readily apparent that the deductions were nothing more than fines imposed for plaintiff's conduct. A fine, within the meaning of LSA-R.S. 23:635, is a pecuniary penalty imposed for the violation of some law, rule or regulation. Stoll v. Goodnight Corp., 469 So.2d 1072 (La.App.2d Cir.1985).
We are not persuaded by Navarre's argument that these were unwritten company policies and plaintiff was informed of the "fines" when she was hired. Plaintiff testifies she learned of them through her on-the-job training. However, whether or not plaintiff received written notice of the policies or was aware of the policies, is not significant because we find that the deductions were illegal violations of the clear language of LSA-R.S. 23:635.
Plaintiff is entitled to be reimbursed for every deduction that reduced her commission earnings. Evidence indicates a total of $866.00 was wrongfully fined. However, there were months wherein plaintiff *171 earned no commission and even if a fine had been charged, there could be no deductions. Also, she failed to produce her commission earnings report for the month of March, 1989, therefore, without evidence of commissions earned, we cannot reasonably allow the reimbursement of those fines for that month. Our calculations indicate that $122.00 in fines can be subtracted from the total fined, leaving a total of $744.00 wrongfully withheld.
Now we turn to the charge-backs made to plaintiff's revolving charge account for customers' failure to pay for repairs. Plaintiff alleges two separate charges were made to her account without her consent. In February of 1988, $100.00 was charged to plaintiff's account because a customer failed to pay for repairs done by Navarre's service department. In April of 1988, plaintiff alleges a $400.00 charge was made to her account for tires added to a customer's purchase.
Regarding the $100.00 charge, the trial court determined that since the plaintiff signed the repair orders, she assumed the payment of such repairs. There is no provision on the repair order that plaintiff would assume the debt in the event the customer failed to pay. In this case, plaintiff brought her brother's new car in for repairs under its new car warranty. She simply authorized the work and operation of the vehicle for test, inspection, or delivery purposes. This charge-back to her account was arbitrary as she did not consent to this charge-back as a term of her employment with Navarre. See Hess v. Pembo, supra. We find this $100.00 should be credited to the plaintiff's charge account.
Concerning the $400.00 charge, we agree with the trial court in that no documentary proof was presented to support her claim other than a $377.00 entry on her payroll ledger sheet. Accordingly, the adjusted balance on plaintiff's account, before applying her final paycheck, should be $310.17.

SET-OFF CLAIM
We find no error in the trial court allowing Navarre a set-off for the amount owed to them by the plaintiff on her revolving charge account. However, we reduce the amount of set-off to reflect the adjustments made to her account. Plaintiff was owed wages for approximately eight days. Her last paycheck was $143.24 and Navarre applied it to her revolving charge account and did not issue a paycheck, claiming it was "zeroed out". Plaintiff's balance on the account, after the aforesaid adjustments ($310.17 less $143.24), should be $166.93.

STATUTORY PENALTIES
LSA-R.S. 23:632 is a penal statute which must be strictly construed. In order for an employee to recover penalty wages, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner. Where the amount owed the employee is the subject of a bona fide dispute, the courts will not consider the failure to pay as an arbitrary refusal and will refuse to award penalties. Glover v. Diving Services International, Inc., 577 So.2d 1103 (La.App. 1st Cir.1991); Jones v. Hebert & LeBlanc, Inc., 499 So.2d 1107 (La.App. 3d Cir.1986). Based on the facts of this case, we find that Navarre did not have a bona fide belief that it was entitled to deduct fines from its employees' wages as it acted in direct violation of LSA-R.S. 23:635.
Additionally, penalty wages are not to be absolutely imposed when the facts indicate that there is an equitable defense. However, Navarre has no equitable justification for its policy of fining its employees. This company policy is in direct violation of Louisiana law and does not constitute a defense in this case. We think Hendrix v. Delta Air Lines, Inc., 234 So.2d 93 (La.App. 4th Cir.1970), writ refused, 256 La. 364, 236 So.2d 498 (1970), addresses the defense of applying company policy in good faith when it stated simply, "company rules do not invalidate state law." There is no question that the requisite bad faith is present in this case. Therefore, plaintiff is entitled to penalty wages. Her daily wages were $38.00. She is entitled to 90 days wages at $38.00 or a total of $3,420.00 in penalty wages.

*172 ATTORNEY'S FEES
LSA-R.S. 23:632 allows recovery of reasonable attorney's fees in a "well-founded suit for unpaid wages whatsoever." This section is intended to encourage workers to assert their rights to those wages and to motivate attorneys to prosecute those suits to insure that the working people of this state will not be deprived of their earnings.
This suit is well founded and plaintiff is entitled to recover attorney's fees. An award of attorney fees is based on the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in controversy, the novelty and difficulty of the questions involved, and the percentage fixed for attorney fees in plaintiff's contract with his attorney, if based on a contingency. See Louisiana Rules of Professional Conduct, Rule 1.5; Goff v. John Hancock Mut. Life Ins. Co., 497 So.2d 747 (La.App. 3d Cir. 1986). Plaintiff's attorney introduced his invoice reflecting over 31 hours of work in connection with this case through December of 1990. In addition to the hours spent in preparation of the case for trial, we also consider the time spent in preparation of the successful appeal. See Stutes v. Rossclaire Construction, Inc., 575 So.2d 466 (La.App. 3d Cir.1991). Therefore, in light of the settled principles to be considered in making an award for attorney's fees, we find an award of $5,000.00 for pretrial and trial work as well as prosecution of this appeal, is appropriate.
For the foregoing reasons, we recast the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, CONNIE R. BROWN, and against defendant, NAVARRE CHEVROLET, INC., in the full and true sum of SEVEN HUNDRED FORTY-FOUR AND NO/100 ($744.00) DOLLARS, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, CONNIE R. BROWN, and against defendant, NAVARRE CHEVROLET, INC., for a penalty of $3,420.00 pursuant to LSA-R.S. 23:632.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, CONNIE R. BROWN, and against defendant, NAVARRE CHEVROLET, INC., for attorney's fees of $5,000.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff-in-reconvention, NAVARRE CHEVROLET, INC., and against defendant-in-reconvention, CONNIE R. BROWN, in the amount of $166.93.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, NAVARRE CHEVROLET, INC., shall pay all costs of the proceedings at the trial level and on appeal.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED, AND RENDERED.
NOTES
[1] See Dore v. WHC Lease Service, Inc., 528 So.2d 235 (La.App. 3rd Cir.1988); and Van Dung v. Tel Ag. Services, Inc., 407 So.2d 1339 (La.App. 3rd Cir.1981) where the commissions or bonuses were calculated and payable annually and not by the hour, day, week, or month.