637 So.2d 678 (1994)
Jim CUPP, Plaintiff-Appellant,
v.
Glenn BANKS, Defendant-Appellee.
No. 25762-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
Stephens and Stephens by Sonny N. Stephens, Winnsboro, for plaintiff-appellant.
Glenn Banks, pro. per.
Before SEXTON and NORRIS, JJ., and LOWE, J., Pro Tem.
LOWE, Judge Pro Tem.
In this suit over wages withheld from an employee's paycheck the Winnsboro City Court found the employer was entitled to withhold wages for property damaged by the employee and was not liable for statutory penalties under LSA-R.S. 23:632. Employee appeals.

*679 FACTUAL BACKGROUND
Jim Cupp worked as a tractor driver for Glenn Banks' farming operation during the 1991 crop year. Mr. Banks instructed Mr. Cupp that the replacement cost of damaged equipment would be deducted from his wages. Banks testified he made this a condition of Cupp's employment, not because he had anything against Cupp, but because Cupp had been lax in maintaining control of the equipment and Banks wanted to stimulate him to maintain better control.
During the pay period ending July 8, 1991, Banks deducted $61.25 from Cupp's regular hourly wages. The amount represented the replacement cost of cultivator parts which were damaged when the tractor and cultivator operated by Cupp struck a stump in a turnrow. Cupp disagreed with the deduction and voluntarily terminated his employment the day he received the paycheck with the $61.25 deduction.
After a hearing on July 7, 1992, the trial court awarded judgment in favor of Banks. It found that Cupp agreed, as a term of employment, to pay for the replacement cost of any equipment he damaged. On appeal, Cupp argues that the deduction was an illegal fine imposed in violation of LSA-R.S. 23:635, and that Banks did not have the legal authority to make the deduction because the damage was not the result of Cupp's negligence.
Cupp testified that the tractor's remote lifting mechanism was inoperative and required two men to manually fold the 8-row cultivator for transport.
Thus, Cupp tried to travel the turnrow in order to avoid damage to the adjacent landowners cotton crop by the overhanging cultivators. However, Cupp's co-worker, James Shirley, testified that while the stump hit by Cupp was covered by grass, he and Cupp were aware that there were stumps in that area, as both of them had plowed this field previously.

DISCUSSION
Upon an employee's discharge or resignation, his employer has a duty to pay within three days the undisputed amount then due the employee under the terms of employment. LSA-R.S. 23:631. An employer who fails to comply with this duty shall be liable for penalty wages and attorney fees. LSA-R.S. 23:632. An employer may not impose a fine on an employee. LSA-R.S. 23:635. A fine is a pecuniary penalty imposed for the violation of some law, rule or regulation. Stoll v. Goodnight, 469 So.2d 1072 (La.App. 2d Cir.1985); Hanks v. Shreveport Yellow Cabs, Inc., 187 So. 817 (La.App. 2d Cir.1939). However, an employer may deduct the actual cost of damage to the property of the employer resulting from the wilful or negligent conduct of an employee. LSA-R.S. 23:635.
In order for the employee to recover penalty wages for an employer's failure to pay wages due upon termination or resignation of employment, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner. Brown v. Navarre Chevrolet, Inc., 610 So.2d 165 (La. App. 3d Cir.1992); Glover v. Diving Services International, Inc., 577 So.2d 1103 (La.App. 1st Cir.1991). Where the amount owed the employee upon termination or resignation of employment is subject to a bona fide dispute, courts will not consider the failure to pay as an arbitrary refusal and will refuse to award penalties. Brown, supra; Glover, supra.
Banks did not violate the provisions of LSA-R.S. 23:631. He paid all undisputed wages then due under the terms of employment to Cupp on the same day Cupp resigned. Banks could rightly withhold payment of the bona fide amount in dispute representing the cost of the replacement parts. Banks did not act in bad faith or in an arbitrary or unreasonable manner; therefore, the penalty provisions of LSA-R.S. 23:632 are inapplicable in the instant situation. Brown, supra; Glover, supra.
Cupp admitted Banks had informed him that if he damaged any additional farm equipment, the cost of the repair parts would be deducted from his wages. As previously noted, the trial court held that Cupp accepted this condition as a term of his employment. Furthermore, while the trial court did not explicitly state the equipment was damaged due to Cupp's negligence, that conclusion *680 plainly is implicit. Cupp was responsible for equipment damage caused by his negligence, not damage that occurred while he was merely using the equipment. The condition imposed by Banks was to encourage Cupp to be more careful, not to punish Cupp for mishaps beyond his control. Despite Banks' warning that he would be responsible for future damage to the equipment caused by his carelessness, Cupp drove the cultivator in a grass covered area that he knew contained stumps.
The testimony of both parties was consistent as to the condition Banks placed on Cupp. The trial court's explicit finding that the condition was a term of Cupp's employment and it's implicit finding that Cupp's actions triggered the condition, thus allowing Banks to deduct $61.25, are not clearly wrong.
An appellate court may not set aside the trial court's finding of fact in the absence of manifest error or unless the finding is clearly wrong. Collier v. Southern Builders, Inc., 606 So.2d 885 (La.App. 2d Cir.1992); DeFatta v. General Motors Corp., 605 So.2d 616 (La.App. 2d Cir.1992).
The term of employment made Cupp responsible for the damage he caused to farm equipment by his negligence. The $61.25 constituted a sum of money actually expended by Banks in caring for damages that arose and existed because of Cupp's actions in operating the farm equipment. Thus, the deduction of the actual cost of damage done did not result in the imposition of a fine under the provisions of LSA-R.S. 23:635. Compare, Hanks, supra; Stoll, supra; Glover, supra.
Reasonable attorney's fees cannot be awarded where the plaintiff fails to raise a well-founded suit for unpaid wages. LSA-R.S. 23:632; Stoll, supra; Glover, supra.

CONCLUSION
For these reasons, the judgment for defendant is affirmed at appellant's cost.
AFFIRMED.