669 So.2d 661 (1996)
Paul W. BLANEY
v.
HULSEY, HARWOOD & HULSEY, A Professional Accounting Corporation.
No. 27983-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*662 George E. Lucas, Jr., Monroe, for appellant.
C. Douglas Walker, Monroe, for appellee.
Before HIGHTOWER and WILLIAMS, JJ., and CLARK, J. Pro Tem.
WILLIAMS, Judge.
In this action for unpaid wages, the plaintiff, Paul Blaney, appeals the trial court's judgment denying his claim for statutory penalties against the defendant, Hulsey, Harwood & Hulsey, and the trial court's denial of his motion to reopen the case for the taking of additional evidence. For the following reasons, we affirm.

FACTS
The plaintiff, Paul Blaney ("Blaney"), was employed by the accounting firm, Hulsey, Harwood & Hulsey ("Hulsey") as a staff accountant, earning $14.42 per hour. Blaney worked at Hulsey from March 1994 until June 10, 1994. During this time, Blaney's compensation was subject to a judicially imposed wage assignment for child support. The amount of $157.75 was deducted from his gross wages each pay period. On the dates of May 16-17, 1994, Blaney attended a computer training seminar in New Orleans at Hulsey's expense. Following the seminar, William Hulsey, a partner in the firm, asked Blaney to give a presentation on the course information to the other members of the firm. However, Blaney never made the presentation. He received a paycheck on June 3, 1994, and then on June 10, 1994, Blaney resigned from the firm, giving only several hours notice. At that time, William Hulsey asked Blaney to write a report concerning the seminar information and to leave the materials. Blaney wrote notes on a piece of paper, underlined various sections of the materials and left them in William Hulsey's office.
After his departure from the firm, Blaney made written demand on Hulsey for wages in the amount of $461.44, reflecting gross pay for his last four eight-hour days of work. In response, Hulsey issued a check for a negative $156.14, along with a memo stating that the corporation had deducted from Blaney's pay his child support payment and the cost of the seminar. Blaney filed a petition for past due wages of $461.44, penalties and attorney fees. On January 12, 1995, Hulsey unconditionally tendered to Blaney a check for wages in the amount of $227.16, which reflected *663 deductions for the court ordered child support and taxes.
In February 1995, the trial court heard testimony, ordered the parties to submit briefs and took the case under advisement. Approximately three weeks after the trial, but prior to the signing of a judgment, Blaney filed a motion to reopen the case for new evidence, alleging that he had discovered information that Hulsey had not paid the full seminar registration fee. The trial court denied the motion. The trial court found that there was a good faith dispute over the amount of wages owed and denied Blaney's request for penalty wages, but awarded him attorney fees in the amount of $850.00. Blaney appealed the trial court's judgment.

DISCUSSION
The plaintiff, Paul Blaney, argues the trial court erred in finding that a good faith dispute existed over the amount of wages owed, and in finding that the defendant, Hulsey, Harwood & Hulsey, was not liable for statutory penalty wages. Hulsey contends that Blaney demanded a sum which he was not entitled to receive and that his failure to give the requested presentation concerning seminar material raised doubts that he actually attended.
Under the provisions of LSA-R.S. 23:631, upon the resignation of any employee, the employer has a duty to pay within three days the undisputed amount then due under the terms of employment. An employer who fails to comply with this duty shall be liable for penalty wages and attorney fees. LSA-R.S. 23:632. In order for the employee to recover such penalty wages, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner. However, if the amount owed the employee is subject to a bona fide dispute, courts will not consider the failure to pay as arbitrary and will refuse to award penalties. Cupp v. Banks, 25,762 (La.App. 2d Cir. 5/4/94), 637 So.2d 678.
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable. A fact finder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the present case, there was a dispute between Blaney and Hulsey over the amount of wages owed. Hulsey initially sought to recover the seminar cost from Blaney's final wages, because Blaney's failure to give a presentation deprived Hulsey of the benefit of information it had paid to obtain. At trial, Blaney and Hulsey gave conflicting testimony concerning the reason Blaney failed to present the seminar information to other members of the firm. According to Blaney, he was prepared to give a presentation, but the scheduled time for his talk was "continuously put off." Blaney also testified that upon resigning, he agreed to provide Hulsey with written notes referencing the significant material contained in the detailed seminar handouts. Blaney stated that he attached his notes to the seminar booklet and left the material in Hulsey's office. In contrast, William Hulsey testified that he did not postpone the presentation, but that Blaney expressed great concern about giving a talk and said that he needed to know about this task before attending the seminar. Hulsey further testified that when Blaney resigned, he agreed to submit a written report concerning the seminar information, which Hulsey could later present to the other members of the corporation. However, Hulsey stated that Blaney simply left a handwritten memo referencing underlined material in the seminar booklet. Hulsey estimated that it cost approximately $600.00 to send Blaney to the seminar, and that members of the corporation felt they had paid for something that was not delivered.
The trial court found that the accounting firm had a reasonable expectation of receiving a benefit in return for paying Blaney's seminar expenses, and that he was never entitled to receive the gross amount of $461.44. Based on the conflicting testimony *664 concerning Blaney's failure to make a presentation, the trial court found that a bona fide dispute existed between the parties. After reviewing the record, we cannot say that the trial court was clearly wrong in finding that Hulsey acted in good faith and did not arbitrarily refuse to pay wages owed to Blaney. Therefore, this assignment of error lacks merit.
Blaney also argues that the trial court erred in denying his motion to reopen the case in order to receive additional evidence. The decision of whether to reopen a case for the production of additional evidence rests within the discretion of the trial judge, whose decision will not be disturbed on appeal unless manifestly erroneous. Harris v. West Carroll Parish School Bd., 605 So.2d 610 (La.App. 2d Cir.), writ denied, 609 So.2d 255 (La.1992); See LSA-C.C.P. Art. 1632. Here, Blaney alleged that since the trial he had discovered evidence that Hulsey had not paid the entire seminar fee, and therefore the court should reopen the case to take additional evidence. Attached to the motion were copies of a Fax of the attendance verification and a statement of account from the sponsor of the seminar. The trial court denied the motion, finding that the evidence in question would have been easily discoverable through the pre-trial discovery process or during trial preparation. We agree and conclude that the trial court did not abuse its discretion in refusing to reopen the case. Consequently, this assignment of error lacks merit.
Although the trial court denied Blaney's claim for penalty wages, it awarded him attorney fees in the amount of $850.00. Reasonable attorney fees are to be awarded in the event plaintiff files a well-founded suit for unpaid wages, even if penalty wages are not due. Cochran v. American Advantage Mortgage Co., 93-1480 (La.App. 1st Cir. 6/24/94), 638 So.2d 1235. The attorney fee award is to be taxed as costs against the employer. Mitchell v. Turner, 588 So.2d 1305 (La.App. 2d Cir.1991). The record shows that Blaney's suit for unpaid wages was well-founded and we find no error in the trial court's award of attorney fees.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Paul Blaney.
AFFIRMED.