680 So.2d 78 (1996)
Eric MOORE and Devangelo Lamar Murff, Plaintiff-Appellants,
v.
FLEMING SUBWAY RESTAURANTS, INC., Defendant-Appellee.
No. 28543-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*79 William D. Hall, Barksdale, for Appellant.
S. Price Barker, Shreveport, for Appellee.
Before MARVIN, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
The plaintiffs, Eric Moore and Devangelo Murff, appeal a trial court judgment in favor of the defendant-employer, Fleming Subway Restaurants ("Subway"), dismissing plaintiffs' claims for past-due wages, statutory penalties and attorney fees. For the following reasons, we affirm in part, reverse in part, and render judgment in favor of the plaintiffs on the issues of unpaid wages and attorney fees.

FACTS
Early on March 4, 1994, Moore and Murff were working in the Subway restaurant located at 3301 Youree Drive in Shreveport. Shortly after 1:00 a.m., a man entered the shop, pointed a gun at Murff and demanded all the money in the cash register. Murff handed the money to the robber, who then fled. Moore told Murff to "hit the button," but he did not hear. Moore reached under the cash register and pushed the silent alarm button, which sounded at Skyco Security. Moore locked the front door and then pressed the alarm button again. Approximately two minutes after the robber had left, Murff yelled "call the police." Moore telephoned the police and was reporting the crime when a police officer dispatched by Skyco arrived at the scene. A Subway security camera recorded the robbery.
Later that day, the defendant, Subway, fired Moore and Murff and they requested their unpaid wages. Payroll records indicated that the defendant owed wages of $404.95 to Moore and $408.30 to Murff. The defendant refused to pay wages to the plaintiffs, alleging that they were negligent in failing to make hourly cash drops into the safe as required by company policy. The procedure for making a drop of money from the cash register to the safe required the worker to read the register tape each hour, place the cash received in an envelope and record the amount, date and time of the drop. The plaintiffs filed this action for past-due wages, statutory penalties and attorney fees under the Louisiana Wage Payment Act, LSA-R.S. 23:631 et seq. The defendant filed a reconventional demand against the plaintiffs seeking to recover the amount of money stolen in the robbery.
After a trial, the court rendered judgment in favor of defendant. In a written opinion, the trial court found that the plaintiffs were negligent in failing to make hourly drops of cash from the register to the safe, as required by store policy. The trial court also found that the employer was entitled to withhold from employees' wages the amount of damages caused by their negligence, and that the money taken in the robbery exceeded the *80 amount of plaintiffs' wages. The plaintiffs appeal.

DISCUSSION
The plaintiffs, Eric Moore and DeVangelo Murff, argue the trial court erred in finding that they were negligent in failing to comply with company policy and in finding that the employer, Subway, was not liable to pay past due wages, statutory penalties or attorney fees.
Under the provisions of LSA-R.S. 23:631, upon the discharge of any employee, it shall be the employer's duty to pay within three days the undisputed amount then due under the terms of employment. An employer who fails to comply with this duty shall be liable for penalty wages and attorney fees. LSA-R.S. 23:632. In order for the employee to recover such penalty wages, the employer must be found to have acted in an arbitrary or unreasonable manner. However, if the amount owed the employee is subject to a bona fide dispute, courts will not consider the failure to pay as arbitrary and will refuse to award penalties. Blaney v. Hulsey Harwood & Hulsey, 27,983 (La.App.2d Cir. 2/28/96), 669 So.2d 661; Cupp v. Banks, 25,762 (La. App.2d Cir. 5/5/94), 637 So.2d 678. An appellate court will not set aside a trial court's finding of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the present case, the parties stipulated at trial that plaintiffs were employed by Subway, that at the time of their discharge Moore had earned $404.95 in wages and Murff had earned $408.30, and that plaintiffs had made a demand for unpaid wages. We now consider whether the defendant was entitled to offset the wages owed by the amount of money taken in the robbery.
John Fleming, president and owner of Subway, testified that he decided to withhold plaintiff's wages because of their failure to comply with company policy requiring workers to make hourly cash drops. Fleming stated that based on the security videotape of the evening of the robbery, he reasonably believed that the plaintiffs were negligent and may have been involved in the crime.
In order to establish negligence, the employer was required to show that the workers owed a duty, that the duty was breached, that the workers' conduct was a substantial factor in causing the harm, and that the risk of harm was within the scope of the duty. Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So.2d 318; Rowe v. Schumpert Medical Center, 26,334 (La. App.2d Cir. 12/7/94), 647 So.2d 390, writ denied, 95-0075 (La. 3/17/95), 651 So.2d 268.
Here, the plaintiffs testified that one of their job requirements was to make periodic drops of cash into the safe, but that they were too busy to make drops that evening. However, the security videotape and the cash register receipt indicate that there were periods during the evening when plaintiffs had time to make a drop. Fleming testified that the reason for defendant's cash drop policy was to minimize the amount of loss from theft. Under these circumstances, we cannot say that the trial court was clearly wrong in finding that the plaintiffs were negligent in failing to make the drops.
The plaintiffs were discharged for failing to make hourly drops of cash, as provided in the employee handbook. In addition, the defendant withheld their wages to offset the amount of money taken in the robbery. In the case of Henderson v. Kentwood Spring Water, Inc., 583 So.2d 1227 (La.App. 1st Cir.1991), the employer withheld money from a worker's wages as recompense for the cost of uniforms and lost equipment. The court upheld the trial court's finding that the employee was not responsible for those costs because he was unaware of the company policies requiring employees to purchase uniforms and pay for lost equipment, and the employer's written procedures did not specifically mention these requirements. Similarly, in the present case, the employee handbook introduced into evidence does not contain any specific notice that an employee's wages could be forfeited if a worker failed to perform drops and the store was subsequently robbed. The record does not contain evidence that plaintiffs were aware of or consented to such a sanction. Consequently, we must conclude that the trial *81 court was clearly wrong in finding that the defendant was entitled to withhold plaintiffs' wages as reimbursement for the amount of money taken in the robbery. Therefore, we reverse the judgment of the trial court and render judgment in favor of Eric Moore for the sum of $404.95 and in favor of DeVangelo Murff for the sum of $408.30.

Penalties
The plaintiffs argue the trial court erred in finding that the defendant was not liable for statutory penalties and attorney fees. LSA-R.S. 23:632 provides for penalty wages in a situation where an employer has failed to pay wages owed to a discharged employee. An employer's good faith defense to liability for unpaid wages permits a court to excuse the employer from the imposition of penalty wages. Potvin v. Wright's Sound Gallery, Inc., 568 So.2d 623 (La.App.2d Cir. 1990).
John Fleming testified that after watching a videotape of the robbery and reading a manager's report concerning the incident, he believed that the plaintiffs were negligent in failing to make any cash drops during the evening and that they may have been involved in the robbery. In its written opinion, the trial court noted that some of the plaintiffs' actions were curious and could appear somewhat incriminating. We agree with this finding. Consequently, we conclude that the amount of wages owed was the subject of a bona fide dispute and that the trial court was not clearly wrong in finding that the defendant acted in good faith and in denying statutory penalties.
Reasonable attorney fees are to be awarded in the event that the plaintiff files a well-founded suit for unpaid wages, even if penalty wages are not due. Cochran v. American Advantage Mortgage Co., 93-1480 (La.App. 1st Cir. 6/24/94), 638 So.2d 1235. In light of our conclusion that the defendant owes unpaid wages, an award of attorney fees is appropriate. The attorney fee award is to be taxed as costs against the employer. Mitchell v. Turner, 588 So.2d 1305 (La. App.2d Cir. 1991). The record shows that the plaintiffs' suit for unpaid wages was well-founded and we hereby set the attorney fee award at $4,000.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment concerning unpaid wages and attorney fees is reversed and judgment is rendered in favor of Eric Moore for the sum of $404.95 and in favor of DeVangelo Murff for the sum of $408.30. All costs, including the amount of $4,000 in attorney fees, are assessed to the defendant, Fleming Subway Restaurants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.