L GREMILLION, Judge.
The plaintiff, Leslie Therese Fried Chance, appeals the judgment of the trial court awarding her children’s attorney, L. Kimberly Morrow, attorney’s fees.[1] For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
This dispute arises out of lengthy custody proceedings between Leslie and her ex-husband, David Gordon Chance. Morrow represented Leslie and David’s two minor children, Elspeth and William, in the custody proceedings.
Leslie filed for divorce in April 1998. In December 1998, the trial court issued forth its reasons for judgment pertaining to the custody of the children and ordered joint custody, with David being the domiciliary parent. Leslie and David were granted a judgment of divorce in January 1999. In November 1999, the trial court issued a per curiam opinion stating that it would be in the best interest of all concerned if it appointed an attorney to represent the children. It appointed Morrow to represent the children. On January 6, 2000, the trial court issued a judgment pertaining to the custody hearing in November 1998. Also in January 2000, David filed a motion for new trial to address the custody plan that was in place urging that it was not in the best interests of the children. Morrow also filed a motion and order for reconsideration of judgment in January 2000, urging that the best interests of the children were not being met in the present arrangement and requested supplemental psychological testing of the children and a hearing to determine a custody plan that would be in the best interests of the children.
| ?In March 2000, Leslie filed an opposition to Morrow’s motion for reconsideration of judgment alleging that Morrow was appointed by the court only to determine if the children were in an emergency situation and that, since none existed, she did not represent them as she was not enrolled as counsel of record in the proceedings. After a hearing on the issue in March 2000, the motion for reconsideration filed by Morrow and the motion for new trial filed by David were denied. Morrow’s appointment as counsel of record for the children was also terminated. The judgment also stated: “It is further ordered, adjudged, and decreed that L. Kimberly [Morrow] shall submit a Motion for Assessment of Fees to the court and that the fees approved by the court are hereby cast as costs and divided equally between the parties.” Also, in open court, the trial court stated:
In this further connection, at this point in time, I’m going to terminate the services of Ms. [Morrow] solely and only because I believe at this time there is no longer a need for it because I do not believe that this potential emergency situation is there at this time. I won’t hesitate to call her back into play if at any point in time I think it’s necessary to do so. In this further connection, I’m going to direct her to file into the record a motion and order to fix her fees. That will be submitted to me. Get me your time element if you would, Ms. [Morrow]. I will fix the fees. I will tell the *494 parties at this time that those fees are to be shared fifty/fifty by the parties.
On March 27, 2000, Morrow filed her time sheet along with the total owed by David and Leslie Chance, as per the court’s order of March 3, 2000. In April 2000, David and Morrow, on behalf of the children, appealed to this court regarding the custody arrangement/motion for new trial, and we affirmed the trial court’s ruling denying both.
laOn May 19, 2000, Morrow filed a rule to show cause why she should not be appointed attorney for Elspeth. In early June 2000, David filed a motion to appoint Morrow attorney for Elspeth and also requested that she represent William. A hearing was conducted on June 19, 2000. In the judgment pertaining to that hearing it was stated:
It is further ordered, adjudged, and decreed that L. Kimberly [Morrow] is appointed as counsel of record on a pro bono basis for Elspeth Chance.
It is further ordered adjudged, and decreed that the Motion to appoint L. Kimberly [Morrow] as attorney of record for William Chance is hereby denied, subject to the right of all parties to reurge the motion at a later date.
Thereafter, Leslie withdrew her motion to vacate the order appointing Morrow. In September 2000, David again filed a motion to appoint Morrow attorney for William. In November 2000, Leslie filed a motion to vacate the order appointing Morrow attorney for Elspeth, claiming essentially that Morrow was biased in favor of David. On November 15, 2000, the trial court mailed a letter to Morrow, which was forwarded to Leslie’s attorney, that stated:
I would ask that you keep track of your out-of-pocket expenses as well as your time. I know that you have agreed to work on this case pro bono, however, I still want you to keep your time for your work effort on both Will and Elspeth.
Both parties agree that, sometime after November 2000, the trial court, in chambers, appointed Morrow to represent William. On December 19, 2000, a hearing was held regarding the scope of Morrow’s representation of the children. On its own motion, the trial court scheduled a hearing to revisit the issue of custody, which was held on April 30, 2001, and May 3, 2001. On June 11, 2001, Morrow filed |4a motion and order to have attorneys fees set by the court for her representation of Elspeth and William pursuant to La.R.S. 9:345(F). After a hearing on July 27, 2001, the trial court rendered judgment regarding attorney’s fees and granted Morrow’s motion to have attorney fees set by the court in accordance with La.R.S. 9:345(F). The trial court accepted a total of 136 hours at a rate of $125 per hour. David and Leslie were each ordered to pay one half of the fee. Leslie appealed that judgment to this court.
ASSIGNMENTS OF ERROR
Leslie assigns as error the trial court’s order that she pay one-half of Morrow’s attorney’s fees because she claims that Morrow was appointed on a pro bono basis. She also urges that the trial court erred in granting Morrow $125 per hour for 136 hours for her representation of the children. She further urges that Morrow should not receive any fees for work done on appeal.
ATTORNEY’S FEES
La.R.S. 9:345(F) states:
Any costs associated with the appointment of an attorney at law shall be apportioned among the parties as the court deems just, taking into consideration the parties’ ability to pay. When the parties’ ability to pay is limited, the *495 court shall attempt to secure proper representation without compensation.
The transcript of the July 27, 2001 hearing reflects that the trial court initially appointed Morrow to represent Elspeth and William pro bono, but that, after a number of months had elapsed, Morrow filed an application requesting compensation because the representation of the two children had gone above and beyond what had been contemplated in terms of pro bono work. Morrow submitted |Ba time sheet for work covering a period beginning May 19, 2000, and ending May 3, 2001. Morrow testified that the pro bono hours on the case amounted to eighty-four hours, with that figure representing a very conservative estimate.
At the conclusion of the hearing, the trial court stated:
[T]he court certainly recognizes and makes it a finding that Mrs. Chance really was never in favor of Ms. Morrow re-entering this case, and she probably was persuaded to withdraw her objection when Ms. Morrow agreed that she would serve in a pro bono fashion. However, there came a time when it became exceptionally obvious to me that what Ms. Morrow was doing pro bono for these two children was far and above and beyond the call of duty. It was far and above and beyond what she bargained for in terms of the pro bono agreement. And it was at that time that I told her to start keeping her hours, not knowing where this was going to lead us.
[[Image here]]
Another observation that I will make, is the rest of the hours that have been submitted by Mrs. Morrow certainly don’t strike me as being an unusual number. I think that assuming that my numbers were correct on the appeal, sixty-four and a quarter hours, that leaves us about seventy-two and three quarter hours to make up the balance of the one hundred and thirty-seven. And again, I’m assuming that my addition was correct. I certainly don’t find that seventy-two and three quarter hours is unusual considering how much work effort has been involved over the last twelve months or so. As a matter of fact, the attorneys in this case probably can compare their bills to their clients and will probably find that Ms. Morrow’s hours are conservative.
[[Image here]]
Now, in terms of the billing of a hundred and twenty-five dollars an hour that was suggested, that’s a number that I have used in any of a number of cases, and obviously I’ve also used it in this case before. The hundred and twenty-five dollars per hour would seem to be appropriate.
We do not find that the trial court abused its discretion in awarding attorney’s fees. La.R.S. 9:345(F) gives the trial court wide discretion in awarding fees that it deems just. See Nail v. Clavier, 99-588 (La.App. 3 Cir. 11/10/99), |6745 So.2d 1221, writ denied, 00-3494 (La.1/5/00), 752 So.2d 169. We do not find that awarding fees, after Morrow had provided eighty-four hours of pro bono service to the Chance children, to be beyond the trial court’s discretion.
Leslie asserts that she should not have to pay for Morrow’s services because she did not request them, because a portion of the hours billed by Morrow are for work done on an appeal that Leslie won, and because Morrow was biased in favor of David. Leslie fails to recognize that Morrow was appointed to represent the best interests of the children, not her or David’s interests. The trial court had full authority to appoint Morrow, pursuant to La.R.S. 9:345(A), over the objections of *496 either parent. The trial court evidently did not find that Morrow was biased in favor of David, and, based on our review of the record, we do not find that the trial court erred in this regard. While it is true that Leslie was initially under the impression that Morrow’s representation would be on a pro bono basis, the trial court could have, from the outset, appointed Morrow on a fee-based basis.
Based on our review of the record that evidences the extensive nature of Morrow’s involvement in this protracted and bitter custody dispute, we cannot say that the trial court abused its discretion when it determined that Morrow should be compensated for her services. We further agree with the trial court that, the number of hours billed and the rate at which they were billed, was reasonable. Moreover, it is abundantly clear from the community property settlement in the record that Leslie has ample funds to pay Morrow’s fee.
Morrow asks that we award her attorney fees for work done on appeal. However, she did not answer the appeal, and only requested the additional attorney’s 17fees in her brief. “An appellee who neither answers the appeal nor appealed from the trial court’s judgment is not entitled to additional attorney’s fees for legal services rendered on appeal.” Charles v. LeBlanc, 93-871, p. 6 (La.App. 3 Cir. 3/2/94), 633 So.2d 866, 870, writ denied, 94-1314 (La.9/2/94), 643 So.2d 148. See also La.Code Civ.P. art. 2133. Furthermore, we know of no authority which would provide for attorney’s fees for work done on appeal under the circumstances where the appellee is protecting her own judgment for attorney’s fees. Accordingly, we affirm the trial court’s award of attorney fees, but decline to award additional attorney’s fees for work done on appeal.
CONCLUSION
The judgment of the trial court ordering the plaintiff, Leslie Therese Chance, to pay attorney’s fees to L. Kimberly Morrow, attorney for her minor children, is affirmed. Additionally, all costs of this ap-peai g^g assessed against the plaintiff-appellant, Leslie Therese Chance.
AFFIRMED.

. L. Kimberly Morrow was formerly L. Kimberly Jones at the start of these proceedings.