_JjEZELL, J.
This wage dispute case raises issues on appeal concerning the applicability of La. R.S. 23:631 and whether quarterly payments to an employee are “wages.” For the following reasons, we affirm.
FACTS
Jason Dugas went to work for Aaron Rents, Inc., on April 1, 1998, as general manager of its store in Lafayette on Ambassador Caffery. Dugas received a sala *1207 ry of $4,000 a month, paid in equal installments on the first and fifteenth of the month. This salary was considered a “draw.” He also received a quarterly commission adjustment.
On October 24, 2001, Dugas gave two-weeks notice of resignation effective November 3, 2001, to the regional manager, Dave Bogan. Dugas testified that he received his monthly draw but failed to receive the third quarter commission adjustment.
Dugas filed a petition against Aaron Rents for unpaid wages in the amount of $4,389.16, penalties, and attorney’s fees pursuant to La.R.S. 23:631. In the alternative, he made a claim pursuant to quantum meruit. Aaron Rents filed exceptions of no cause of action, improper use of summary proceedings, and improper cu-mulation of actions.
A hearing was held on June 3, 2002, with the trial court overruling Aaron Rents’ exceptions at the outset. The trial court found in favor of Dugas and awarded him $4,389.16 in unpaid wages, $18,136.80 in penalties, and $3,000 in attorney’s fees. Aaron Rents appealed the judgment.
[.PAST DUE COMPENSATION
Aaron Rents claims that the trial court erred in finding that it violated the La.R.S. 23:631 by failing to pay Dugas a “wage” as defined by the Act. Aaron Rents claims that the additional compensation sought by Dugas was not a “wage” as defined by the Act because it was paid quarterly and was not a fixed sum. Louisiana law requires the employer to settle up with his former employee “on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.” La.R.S. 23:631(A)(l)(b). This protection extends to any “employee of any kind whatever” and affords the employee relief “whether the employment is by the hour, day, week, or month.... ” Id. Commissions are considered wages for purposes of the statute. Brown v. Navarre Chevrolet, Inc., 610 So.2d 165 (La.App. 3 Cir.1992). In the event of a dispute, the employer must pay the undisputed portion of the claimed wage within the time as provided by subsection A of La.R.S. 23:631. La.R.S. 23:631(B). The employee has the right to file an action to enforce his claim for unpaid wages by summary proceeding. Id.
This court in Brown, 610 So.2d 165, 169 quoted, with approval, Rubenstein Bros. v. LaForte, 320 So.2d 303, 306 (La.App. 4 Cir.1975), which stated:
The application of the statute is not governed by the type of salary or payment received by the employee but rather by the terms of the employment itself. In this case, the trial court found that the employment was by the week, because the employee had a weekly draw of $180.00 per week. In view of the fact that the days per week that such salesman could work were regulated by the employer, we have no quarrel with this finding, although we note that the weekly draw was not a guaranteed salary, but was subject to adjustment and accounting one way or another based upon the amount of goods sold, goods returned, et cetera once each month. In any event, we find that La-Forte does come within the provisions of the statute cited above.
|sThe Aaron Rents’ compensation plan introduced into evidence indicated that the base draw would be “paid according to the average monthly rental revenue for the previous quarter.... ” “Actual earnings” are “calculated monthly, paid quarterly as an adjustment to the draw.” The earned compensation, or commission, is based on the rental revenue and profit for the three-month quarter. There were also bonuses available for monthly goals, quarterly goals, and referrals. Later, in *1208 the “Compensation Notes,” Note 1 provides, in pertinent part: “A GM must have completed the full quarter to qualify for any commission adjustment. In the event of employment termination, all commission rights mil be forfeited. Adjustment checks will be issued after the P & L results for the last month after each quarter.”
The evidence in the record indicates that Dugas was employed on a monthly basis. His base draw was paid on a monthly basis but subject to an increase based on the monthly rental and profit. While this amount may have been paid quarterly, it was calculated on a monthly basis as indicated by general manager commission reports admitted into evidence. Furthermore, Dugas did complete the third quarter which ended in September. He continued working the entire month of October. Therefore, we find that the trial court was correct in finding that Dugas’ claim falls under La.R.S. 23:631.
Aaron Rents also appealed the trial court’s overruling of its exceptions of no cause of action and improper use of summary proceedings and the award of penalties and attorney’s fees on the basis that La.R.S. 23:631 does not apply. Since we agree that La.R.S. 23:631 applies to Dugas’ claim, we find no merit to these assignments of error.
JJMPROPER CUMULATION
In addition to filing a claim pursuant to La.R.S. 23:631, Dugas also filed a claim for quantum meruit. Aaron Rents alleged that this was an improper cumulation of these actions because they utilize two different forms of procedure; Claims for compensation under the Act may be brought summarily pursuant to La.R.S. 23:631 while claims for quantum meruit must be brought by ordinary proceeding.
This is true. However, La.Code Civ.P. art. 462 provides, in pertinent part, “[e]x-cept as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.” Du-gas did plead his claim for quantum meruit in the alternative. Therefore, the trial court was correct in overruling the exception of improper cumulation.
ATTORNEY’S FEES
In his brief Dugas asks for additional attorney’s fees for the work done on appeal. However, he did not file his own appeal nor answer the appeal, so he is not entitled to additional attorney’s fees for the work performed on the appeal. La.Code Civ.P. art. 2133; Chance v. Chance, 01-1605 (La.App. 3 Cir. 5/15/02), 817 So.2d 492.
For the above reasons, the judgment* of the trial court is affirmed. Costs of this appeal are assessed to Aaron Rents, Inc.
AFFIRMED.